23184

S.C. POLICE OFFICERS RETIREMENT SYSTEM, Appellant v. CITY OF SPARTANBURG, Respondent.

(391 S.E. (2d) 239)

Supreme Court

*Deputy Atty. Gen. James Patrick Hudson* and *Senior Asst. Atty. Gen. Kenneth P. Woodington,* Columbia, *for appellant.*

*T. E. Walsh* and *William E. Walsh,* both of *Gaines & Walsh,* Spartanburg, *for respondent.*

Heard Jan. 23, 1990.

Decided March 19, 1990.

TOAL, Justice:

This case involves a municipal employer's refusal to contribute its share to the South Carolina Police Officers Retirement System to enable an employee to upgrade his retirement benefits. The employee failed to file a written request and pay his special contribution prior to retirement in strict compliance with the governing statute. S.C. Code Ann. § 9-11-210(3).

## FACTS

In this case, Winston Loftis was an employee of the City of Spartanburg. His employment was terminated on February 4, 1986, after he had suffered a heart attack. On that same date, a request was made by the City of Spartanburg to the South Carolina Police Officers Retirement System for an estimate of his disability payments. On April 8, 1986, the Medical Board of South Carolina Retirement Systems approved Loftis' application for disability retirement. Loftis made an oral request prior to May 6, 1986, to have calculated the cost for upgrading his benefits from Class I to Class II. The calculations were given to Loftis on June 16, 1986. He received his first retirement check on May 31, 1986. He paid his special contribution in the amount of $11,631.97 on July 18, 1986. For Mr. Loftis, the difference between Class I and II benefits is approximately $500 per month.

The Retirement System then notified the City that it was required to make its contribution in the amount of $6,693.36 pursuant to § 9-11-220(2)(b). The City refused on the grounds that Loftis had failed to make a written request and pay his special contribution prior to retirement.

An Order dated August 22, 1988, was issued by the trial judge holding that the City did not have to make the

contribution because Loftis has failed to make a *written* request and failed to pay the contribution *prior* to retirement. The Retirement System appeals.

## DISCUSSION

Subsection (3) of § 9-11-210 provides that an employee may upgrade his benefits by filing a written notice and paying his special contribution prior to retirement. The Retirement System contends that the written notice and payment requirements in § 9-11-210(3) are directory rather than mandatory. They argue that the statute merely governs procedure, time and method as opposed to substance and therefore the transaction should not be invalidated where there was substantial compliance.

> Generally speaking, those provisions which are a mere matter of form, or which are not material, do not affect any substantial right, and do not relate to the essence of the thing to be done so that compliance is a matter of convenience rather than substance, are considered to be directory. This is true of statutory provisions for the expeditions, proper, or orderly conduct of business merely.

73 Am. Jur. (2d) Statutes § 19 (1974).

The viewpoint that statutory provisions as to the precise time when a thing is to be done are regarded as directory is "especially pertinent where a statute fixes a time simply for convenience or orderly procedure, [and] applies to statutes which direct the doing of a thing within a certain time without any negative words restraining the doing of it afterward." 73 Am. Jur. (2d) *Statutes* § 18 (1974).

In addition, the Retirement System argues that as the administering agency, their interpretation is entitled to great deference and that the City of Spartanburg has failed to show any prejudice resulting from the failure of the employee to strictly comply with the statute. We agree.

In interpreting a statute, the primary function of this Court is to ascertain the intent of the Legislature. The purpose of § 9-11-210 is to enable a retiree to upgrade his retirement benefits. This purpose would be inconsistent with mandatory language which would make it more difficult for retirees to

increase their retirement benefits. In addition, the language of the statute is devoid of mandatory words such as "shall" or "must." Furthermore, a failure of strict performance will not result in an injury or prejudice to the substantial rights of interested parties as evidenced by the City's failure to show any prejudice.

As noted above, the Retirement System is the agency in charge of administering this statute. For the past fifteen years, the agency has not required a written request and payment prior to retirement. They argue that the only purpose that would be served by requiring compliance would be to benefit the Retirement System and, if they are willing to forego strict compliance, then their interpretation should be honored. We agree.

Based on the facts of this case, we find that the City erred in refusing to make its contribution. We, therefore, REVERSE the lower court and direct the City to contribute its share to the Retirement System.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.