567 S.E.2d 240

**William R. McCLANAHAN, individually and on behalf of Richland County Landowners and Taxpayers similarly situated, Appellants,**

v.

**RICHLAND COUNTY COUNCIL and Richland County Planning Commission, Respondents.**

No. 25495.

Supreme Court of South Carolina.

Heard April 2, 2002.

Decided July 15, 2002.

434

Gerald M. Finkel and Robert E. Culver, of Finkel & Altman, LLC, of Charleston, for appellants.

M. Elizabeth Crum, Jane W. Trinkley, and Deborah Ann Hottel, of McNair Law Firm, P.A., of Columbia, for respondents.

Justice MOORE.

This is an appeal from a circuit court decision granting summary judgment to respondents. We affirm.

## PROCEDURAL FACTS

Appellant[1] filed a declaratory judgment action against respondents challenging the procedures by which the Richland County Comprehensive Land Use Plan (the Plan) was adopted. Appellant's complaint alleged the following causes of action: (1) violation of S.C.Code Ann. § 6–29–520(B) (Supp.

---

1. We refer to appellant in the singular because class certification has not been sought or granted pursuant to Rule 23, SCRCP.

2001);[2] (2) violation of S.C.Code Ann. § 4–9–120 (1986);[3] (3) violation of due process; (4) unlawful taking in violation of S.C. Const. Art. I, § 3 ("no person shall be deprived of life, liberty, or property without due process of law"); and (5) request for award of costs and attorney's fees.

Respondents moved to dismiss appellant's complaint. Judge William P. Keesley dismissed the procurement cause of action, which was contained within appellant's third cause of action (alleging a due process violation). Appellant did not appeal that dismissal.

Thereafter, respondents filed a motion for partial summary judgment on appellant's third cause of action. Appellant filed a memorandum in opposition to respondents' motion and filed a motion for summary judgment on his first and second causes of action. Respondents then filed a motion for summary judgment on the first, second, fourth, and fifth causes of action. Respondents' motions for summary judgment were granted.

## FACTS

The compliance deadline for counties to adopt a comprehensive land use plan under the Comprehensive Planning Act, S.C.Code Ann. §§ 6–29–310, *et seq.* (Supp.2001), was set for May 3, 1999. Accordingly, the Richland County Council adopted a schedule for adoption of the Plan.

On March 29, 1999, the Richland County Planning Commission[4] received input on the Plan from the public, including

---

2. S.C.Code Ann. § 6–29–520(B) provides: "Recommendation of the plan or any element, amendment, extension, or addition must be by resolution of the planning commission, carried by the affirmative votes of at least a majority of the entire membership...."

3. S.C.Code Ann. § 4–9–120 provides: "The council shall take legislative action by ordinance which may be introduced by any member. With the exception of emergency ordinances, all ordinances shall be read at three public meetings of council on three separate days with an interval of not less than seven days between the second and third readings...."

4. The Richland County Planning Commission, pursuant to S.C.Code Ann. § 6–29–320 (Supp.2001) (county council of each county may create a county planning commission), was created by the Richland County Council. The Commission consists of nine members.

input from Kay McClanahan (wife of appellant). Thereafter, the Commission voted by a 4–3 vote to recommend approval of the Plan, with the exception of the Vision portion,[5] to the Richland County Council.

On April 5, 1999, the Commission voted by a 4–2 vote to send the "Land Development Regulations forward with the recommendation of approval and to defer action on the Vision Plan until it is determined how to incorporate it." Subsequently, during the same Commission meeting, a second vote was taken and the motion carried 5–0 "to submit and read the . . . Plan as a resolution."

On April 6th, after receiving public input from Kay McClanahan and others, the Council gave first reading to the Plan. On April 13th, the Council held its duly noticed public hearing on the Plan. A draft of the plan had been made available for public inspection on April 2nd.

On April 26th, the Council called a special meeting. Prior to the second reading of the Plan, the proposed amendments to the Plan were reviewed. The public, including Kay McClanahan, addressed the Council regarding the Plan. The Council then approved the Plan for second reading and incorporated the amendments to the Plan.

On May 3rd, the Commission, whose meeting commenced at 2:30 p.m., recommended the Plan, this time including the Vision portion of the Plan, to the Council by a 5–4 vote.

The Council met at 7:00 p.m. on the same date. Three proposed amendments to the Plan were made available to the public for review at the meeting. The public then addressed the Council regarding the Plan. Thereafter, the Council unanimously passed the resolution adopting the Plan and incorporating the amendments.

## STANDARD OF REVIEW

 Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the conclusions and inferences to be drawn from the facts are undisputed. *Garvin v. Bi–Lo, Inc.,* 343 S.C. 625, 541 S.E.2d 831 (2001)

---

5. The Vision is an additional part of the Plan that is Richland County's vision to guide future growth.

(citation omitted). In ruling on a motion for summary judgment, the evidence and the inferences that can be drawn therefrom should be viewed in the light most favorable to the non-moving party. *Id.*

## ISSUES[6]

I. Whether the failure to follow statutory procedure in approving the Plan renders the Plan void?

II. Whether the trial court misapplied the law with respect to appellant's due process claim?

III. Whether the trial court failed to allow the completion of necessary discovery prior to the summary judgment hearing on the due process claim?

## DISCUSSION

### I

█ Appellant argues the Council's first and second readings of the Plan are invalid because the Planning Commission failed to recommend the Plan prior to those readings. Appellant states that S.C.Code Ann. § 6–29–510(E) (Supp.2001) requires that the Commission must recommend the Plan to the Council. We agree.

█ All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute. *South Carolina Life and Accident and Health Ins. Guar. Ass'n v. Liberty Life Ins. Co.*, 344 S.C. 436, 545 S.E.2d 270 (2001).

█ Section 6–29–510(E) states, "All planning elements must be an expression of the planning commission recommendations to the appropriate governing bodies ...," and section 6–29–510(D) states that a plan "must include ... the ... planning elements." Because the Plan *must* include the enumerated planning elements and the planning elements *must*

---

6. At oral argument, appellant withdrew the issue regarding whether the Planning Commission lacked authority to pass the Plan after two unsuccessful votes.

be an expression of the Commission's recommendations to the Council, the Council cannot approve the plan until the Commission has recommended the plan. *Cf. South Carolina Police Officers Retirement Sys. v. City of Spartanburg,* 301 S.C. 188, 391 S.E.2d 239 (1990) ("must" is considered mandatory under principles of statutory construction). However, this fact does not assist appellant because the Commission voted to recommend the Plan to the Council, which included the necessary planning elements, one day prior [7] to the Council's first reading of the Plan.[8]

■ While the Commission deferred the adoption of the Vision plan as the County's adopted vision to guide future growth and development, this does not undermine the Commission's recommendation of the Plan to the Council. Under S.C.Code Ann. § 6–29–510(E) (Supp.2001), "[a]ll planning elements must be an expression of the planning commission

7. Appellant raises the issue that the trial court's order granting summary judgment was based upon a fact which was controverted by respondents' pleading. The fact at issue is whether the Planning Commission approved the Comprehensive Plan by a majority of the entire membership at its April 5th meeting. Appellant's contention is without merit given the clear fact in the Record that the Commission resolved to recommend the Plan to the Council on April 5, 1999.

Appellant further argues that even if a majority vote to recommend the Plan was reached on April 5th, respondents are precluded by judicial estoppel from alleging that fact. *See Hayne Fed. Credit Union v. Bailey,* 327 S.C. 242, 489 S.E.2d 472 (1997) (judicial estoppel precludes party from adopting position in conflict with one earlier taken in same or related litigation). Respondents are not judicially estopped from stating a fact that is clear from the record before the trial court.

8. Appellant further appears to argue that S.C.Code Ann. § 629–520(B) (Supp.2001) was violated. Section 6–29–520(B) provides:

Recommendation of the plan or any element, amendment, extension, or addition must be by resolution of the planning commission, carried by the affirmative votes of at least a majority of the entire membership....

Appellant appears to be arguing that this statute mandates that the Commission must recommend the Plan prior to the Council giving the Plan first reading. However, this statute is for the purpose of stating that the Plan can be recommended only *if* the resolution to recommend is carried by the affirmative votes of at least a majority of the members of the Commission. This statute is not concerned with whether the Council can give first reading to a plan without the Commission's recommendation.

recommendations to the appropriate governing bodies ..."
The Vision, while not an enumerated planning element,[9] is a
planning element.

Even though the Vision is an element of the Plan, we find
the Plan was properly recommended by the Commission on
April 5th because the Commission has the ability to recom-
mend the plan as a whole or to recommend the elements of the
Plan in separate instances. *See* S.C.Code Ann. § 6–29–530
(Supp.2001) ("The local planning commission may recommend
to the appropriate governing body and the body may adopt
the plan as a whole by a single ordinance or elements of the
plan by successive ordinances....").

Because the Commission voted to recommend the Plan to
the Council prior to the Council giving first reading to the
Plan, the trial court properly granted respondents' summary
judgment motion.

## II

■ Appellant argues the trial court misapplied the law
regarding his due process claim. He alleges the following
facts evidence the Council's failure to provide due process to
Richland County citizens: (1) certain members of the Council
were affected by improper conflicts of interests; (2) the
Council failed to follow procurement procedure so that it could
hire clearly biased "consultants" to prepare the Plan; and (3)
the Council failed to follow state-mandated procedures in the
passage of the Plan. Appellant states the trial court mistook
the due process claim to be discrete claims of violations of
ethics rules and the County procurement statute.

---

9. S.C.Code Ann. § 6–29–510(D) (Supp.2001) provides:
 A local comprehensive plan must include, but not be limited to, the
 following planning elements:
 (1) a population element ...;
 (2) an economic development element ...;
 (3) a natural resources element ...;
 (4) a cultural resources element ...;
 (5) a community facilities element ...;
 (6) a housing element ...; and
 (7) a land use element ...

Contrary to appellant's assertions, the trial court in fact ruled on his due process claim. The court found the adoption process had not deprived appellant of his property. The court, noting the Plan is only a guideline and that there had not been an impairment of appellant's rights, concluded appellant's concerns were not ripe for adjudication.

As noted, because the trial court in fact ruled on appellant's due process claim, his argument that the trial court misunderstood his due process claim is without merit. In any event, even if the trial court misunderstood appellant's due process claim, summary judgment on the claim is proper. S.C. Const. art. I, § 3, provides that no person shall be deprived of property without due process of law. Appellant has not been deprived of due process of law because he was not deprived of his property due to the adoption of the Plan, nor due to the manner of the Plan's adoption. Appellant's claim in this regard is not justiciable because it is not ripe for review. *Waters v. South Carolina Land Resources Conservation Comm'n,* 321 S.C. 219, 467 S.E.2d 913 (1996) ("A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute.").

Accordingly, the trial court properly granted summary judgment on the due process claim.

### III

Appellant argues the trial court erred by hearing the motion for summary judgment on his due process claim without allowing him to complete necessary discovery.

Given our conclusion that appellant's due process claim is without merit because he has not been deprived of his property, further discovery in the form of depositions would not have aided the trial court in its decision whether to grant summary judgment on appellant's due process claim. *Cf. Baird v. Charleston County,* 333 S.C. 519, 511 S.E.2d 69 (1999) (citation omitted) (summary judgment must not be granted until opposing party has had full and fair opportunity to complete discovery).

## CONCLUSION

We find the trial court properly granted summary judgment on appellant's claims.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.