THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James F. Johnston, III,       
 Respondent,
 
 
 

v.

 
 
 
South Carolina Department of Labor, Licensing, and Regulation, South 
 Carolina Real Estate Appraisers Board,       
Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-688
Heard October 7, 2003  Filed November 
 24, 2003

AFFIRMED

 
 
 
Kenneth P. Woodington and Wendy Bergfeldt Cartledge, of Columbia, 
 for Appellant.
John S. Nichols, of Columbia, for Respondent.
 
 
 

STILWELL, J.:  The South Carolina Department 
 of Labor, Licensing and Regulation appeals a circuit court order that concluded 
 the failure of the Real Estate Appraisers Board to serve notice of its decision 
 in this case within the 30-day time period prescribed in S.C. Code Ann. § 40-60-150(C)(3) 
 rendered the ruling a nullity.  We affirm.
FACTS/BACKGROUND
By written order dated October 23, 2000, the South 
 Carolina Real Estate Appraisers Board suspended the real estate appraiser license 
 of James F. Johnston, III and penalized him $1,000 finding he violated 
 provisions of the Real Estate Appraisers Act, S.C. Code Ann. §§ 40-60-10 to 
 -260 (Supp. 2002), and the 1997 Uniform Standards of Professional Appraisal 
 Practice.  The Board timely mailed the order to Johnston, but he did not receive 
 it due to a scriveners error in the address.  A copy of the order was hand-delivered 
 to Johnston on December 7, 2000 when he inquired about the status of the Boards 
 decision. 
Johnston appealed to the Administrative Law Judge 
 Division, claiming the Boards failure to serve him with a copy of its order 
 within the 30-day time period required by statute rendered the Boards decision 
 a nullity.  The ALJ agreed and reversed the Boards order, finding the statutory 
 language mandated strict compliance with the time frame.  On appeal, the circuit 
 court affirmed the ALJs decision. 
STANDARD OF REVIEW
The South Carolina Administrative 
 Procedures Act (APA) governs contested proceedings before the Real Estate Appraisers 
 Board.  S.C. Code Ann. § 40-60-150(C)(2) (Supp. 2002).  The standard for judicial 
 review, after an exhaustion of administrative remedies, is also governed by 
 the APA.  S.C. Code Ann. § 1-23-380 (Supp. 2002).  Pursuant to the APA, a reviewing 
 court may reverse or modify an agency decision that is affected by error of 
 law.  § 1-23-380(A)(6).  
LAW/ANALYSIS
Section 40-60-150(C)(3) provides in pertinent part:  
 The board shall render a decision and shall serve notice, in 
 writing within thirty days, of the boards decision to the applicant or appraiser 
 charged.  S.C. Code Ann. § 40-60-150(C)(3) (Supp. 2002) (emphasis added).  
 Both the ALJ and the circuit court held the plain meaning of the statutory command 
 that the Board shall render its decision and serve notice within 30 days was 
 sufficient to demonstrate the legislature meant to bar further action after 
 that time period expired.  We agree.  
The cardinal rule of statutory interpretation is 
 to ascertain and give effect to the intent of the legislature.  State v. 
 Scott, 351 S.C. 584, 588, 571 S.E.2d 700, 702 (2002).  If a statutes language 
 is plain, unambiguous, and conveys a clear meaning the rules of statutory interpretation 
 are not needed and the court has no right to impose another meaning.  Hodges 
 v. Rainey, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000).  Once the Legislature 
 has made [a] choice, there is no room for the courts to impose a different judgment 
 based upon their own notions of public policy.  South Carolina Farm Bureau 
 Mut. Ins. Co. v. Mumford, 299 S.C. 14, 19, 382 S.E.2d 11, 14 (Ct. App. 1989).  

The language of section 40-60-150(C)(3) clearly 
 and unambiguously requires the Board to serve notice of its decision to the 
 appraiser charged within 30 days of its ruling.  It is well-settled that the 
 term shall in a statute ordinarily means the prescribed action is mandatory.  
 Wigfall v. Tideland Utils., Inc., 354 S.C. 100, 111, 580 S.E.2d 100, 
 105 (2003).  
The Department urges this court to hold 
 that the word shall, in this context, is merely directory rather than mandatory, 
 asserting that South Carolina Police Officers Retirement System v. City of 
 Spartanburg, 301 S.C. 188, 391 S.E.2d 239 (1990), justifies such a holding.  
 That case is clearly distinguishable on its facts.  First, the statute in question 
 used the word may and in its opinion the court specifically stated that the 
 language of the statute was devoid of mandatory words such as shall or must.  
 Id. at 191, 391 S.E.2d at 241.  Second, the state agency involved in 
 the City of Spartanburg case had traditionally interpreted the statute 
 in a fashion to allow the more lenient, directory application and it was the 
 City that was attempting to have the word may interpreted as mandatory rather 
 than directory.  Id. at 189-91, 391 S.E.2d at 240-41.  
The Department additionally argues the holding 
 in In the Matter of Matthews, 345 S.C. 638, 550 S.E.2d 311 (2001), compels 
 a finding the Boards ruling was not rendered a nullity for failing to comply 
 with the statutory deadline.  We disagree.  
The statute at issue in Matthews required 
 the state to hold a trial within 60 days of a probable cause hearing for commitment 
 under the Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 to -170 
 (Supp. 2000).  The statute provided, however, that a continuance could be granted 
 and the time period extended for good cause shown.  Matthews, 345 S.C. 
 at 644, 550 S.E.2d at 314.  Our supreme court ruled this statutory time frame 
 was mandatory, but not jurisdictional.  Id. at 644-45, 550 S.E.2d at 
 313-314.  The court found the defendant should have filed a motion to dismiss 
 when the state failed to bring the case to trial within the 60 day time period 
 and had failed to request a continuance as provided in the statute.  Id. 
 at 644-45, 550 S.E.2d at 314.  The court concluded the defendant waived his 
 right to challenge the states failure to comply with the requisite time period 
 by not filing the motion to dismiss.  Id.
Unlike Matthews, the statute at issue here 
 does not set forth any terms under which the Board could render and serve notice 
 of its decision outside of the prescribed time limit.  Had the legislature intended 
 the Board to have the power to extend the 30-day time period set out in section 
 40-60-150(C)(3), it could have easily so provided.  It did not, so we are compelled 
 by the statutes plain language to conclude that because the Board failed to 
 comply with the time frame required by statute, its action was ineffectual and 
 was rendered a nullity.  The order of the circuit court is therefore 
AFFIRMED.
KITTREDGE, J., concurs.
HOWARD, J., dissents in a separate opinion.
HOWARD, J., DISSENTING:       I agree with 
 the conclusion of the majority that the thirty day time requirement in which 
 to serve notice of the decision under South Carolina Code Annotated section 
 40-60-150(C)(2) (Supp. 2002) is mandatory.  However, I do not agree with the 
 majoritys conclusion that failure to comply with the statute renders the decision 
 void.  Therefore, I respectfully dissent.
There is no language in the statute conveying 
 the intention on the part of the Legislature to render the decision void.  I 
 do not believe that conclusion is consistent with principles of statutory construction.
As the majority points out, the cardinal 
 rule of statutory construction is to ascertain and give effect to the intent 
 of the legislature.  State v. Scott, 351 S.C. 584, 588, 571 S.E.2d 700, 
 702 (2002).  The legislature did not address the issue of remedies in the statute.  
 There is no declaration stating that a failure to abide by the mandates of the 
 statute renders the decision void.  
Furthermore, the result of the majoritys decision 
 is to simply void the decision.  This is an administrative process, and nothing 
 prevents the Board from beginning it anew and ultimately arriving at the same 
 conclusion.  Consequently, this view of enforcement of the statutory mandate 
 renders it meaningless, violating the basic rule of statutory construction that 
 the legislature is presumed not to have intended a futile act. TNS Mills, 
 Inc. v. South Carolina Dept. of Revenue, 331 S.C. 611, 620, 503 S.E.2d 471, 
 476 (1998) (The Court must presume the legislature did not intend a futile 
 act, but rather intended its statutes to accomplish something.).
I would construe the language to be a 
 mandate, thereby providing the basis to an aggrieved party for a writ of mandamus.  
 By making the time requirement mandatory, the act of compliance becomes ministerial 
 to the extent that a decision and service of notice of it is mandated, even 
 though the merits of the decision are discretionary.  Plum Creek Dev. Co., 
 Inc. v. City of Conway, 334 S.C. 30, 39, 512 S.E.2d 106, 111 (1999) (holding 
 a writ of mandamus is a coercive writ that orders a public official to perform 
 a ministerial duty); Redmond v. Lexington County School Dist. No. Four, 
 314 S.C. 431, 438, 445 S.E.2d 441, 445 (1994) (The duty is ministerial when 
 it is absolute, certain, and imperative, involving merely the execution of a 
 specific duty arising from fixed and designated facts.  It is ministerial if 
 it is defined by law with such precision as to leave nothing to the exercise 
 of discretion.); Fort Sumter Hotel v. South Carolina Tax Commn, 201 
 S.C. 50, 59-60, 21 S.E.2d 393, 397 (1942) (holding mandamus proper to require 
 return of seized liquor once bond was posted because that was a purely ministerial 
 act required by statute, even though the ultimate decision as to whether liquor 
 should be forfeited was left for further adjudication); State v. Verner, 
 30 S.C. 277, 279, 9 S.E. 113, 114 (1889) (The general rule is that mandamus 
 goes to a public officer to enforce the performance of some plain ministerial 
 duty, but not for the purpose of controlling or guiding his judgment or discretion.  
 It may be used for the purpose of requiring the officer to act, but it cannot 
 be used for the purpose of directing him how to act, in the performance of a 
 duty involving the exercise of judgment or discretion.). 
By construing the statute in this way, the focus 
 of the inquiry shifts to one of prejudice.  Absent prejudice caused by a delay 
 in the decision, the party seeking the writ of mandamus is entitled to notice 
 and a decision  nothing more and nothing less.  Here, Johnston does not claim 
 prejudice from the slight delay.  Therefore, I see no basis for overturning 
 the decision of the Board.  For the foregoing reasons, I would reverse the circuit 
 court and reinstate the decision of the Board.