**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elizabeth M. Powers and Edward A. Powers; Martha C. Green; Steven E. Basso; James R. Sherman; Alexander V. Picard and Jessica L. Picard; Parkersville Planning & Development Alliance; Keep It Green; and Preserve Murrells Inlet, Inc.; Appellants,

v.

Georgetown County and Alliance for Economic Development for Georgetown County, Respondents.

Appellate Case No. 2023-001306

———————

Appeal From Georgetown County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-287
Heard June 11, 2025 – Filed June 10, 2026

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

F. Patrick Hubbard, of Columbia; and Cynthia Ranck Person, of Keep It Green Advocacy, Inc., of Pawleys Island, both for Appellants.

H. Thomas Morgan, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Camden; Shanon N. Peake and

Sydney Jean Douglas, of Smith Robinson Holler DuBose Morgan, LLC, both of Columbia, all for Respondent Georgetown County.

Chad Nicholas Johnston, of Burr & Forman LLP, of Columbia, for Respondent Alliance for Economic Development for Georgetown County.

---

**PER CURIAM:** Elizabeth M. Powers and Edward A. Powers, Martha C. Green, Steven E. Basso, James R. Sherman, Alexander V. Picard and Jessica L. Picard, Parkersville Planning & Development Alliance, Keep It Green, and Preserve Murrells Inlet, Inc. (collectively, Appellants) appeal the circuit court's dismissal of their amended complaint. We affirm in part, reverse in part, and remand.

In 2008, Georgetown County Council (County Council) approved ordinances zoning a 28.4-acre tract of land on Pawleys Island owned by Waccamaw Land, LLC as a Planned Development District (PD). The project was denominated Mercom Technology Park Planned Development (Mercom PD) and contemplated the development of resort services. In 2015, County Council passed amendments to the prior ordinances that would allow additional uses in the Mercom PD, including restaurants, retail stores, medical clinics, lodging, and conference centers. On August 16, 2022, the Alliance for the Economic Development of Georgetown County (the Alliance), owners of one of the three parcels that comprised Mercom PD, filed an application requesting an amendment to the PD to allow high-density, multifamily residential rental housing.[1] Georgetown County's Planning Commission unanimously recommended denying the request because it conflicted with Georgetown County's Comprehensive Land Use Plan (Comprehensive Plan). On November 8, 2022, County Council approved the Alliance's application requesting the zoning amendments, which amended the future land use map to allow high-density residential housing, and changed the zoning to residential (Georgetown County Zoning Ordinances 22-36 and 22-37, collectively, 2022 Ordinances).

Appellants filed suit against Georgetown County (the County) and the Alliance (collectively, Respondents). Appellants requested declaratory judgment on six

---

[1] The 28.4-acre parcel was subdivided in 2012. One parcel remained the property of Waccamaw Land, LLC; one was purchased by Barn on Petigru, LLC; and one was purchased by the Alliance.

counts, including that (1) Mercom PD was void from its inception because it was single use and improperly considered a PD, thereby rendering the 2022 Ordinances void; (2) County Council had a statutory mandate under Georgetown County Zoning Ordinance 1703 to initiate proceedings to revert all PDs to their former zoning classifications if construction has not started within two years of approval; (3) County Council's approval of the 2022 Ordinances violated the South Carolina Local Government Comprehensive Planning and Enabling Act of 1994[2] (the Enabling Act), which required zoning amendments be made in accordance with the Comprehensive Plan; (4) County Council's approval of the 2022 Ordinances was not justified by public necessity, convenience, general welfare, or good zoning practice in violation of Georgetown County Zoning Ordinance 1701; (5) the Alliance's application was invalid because it was not made by all three owners of Mercom PD; and (6) County Council's approval of the 2022 Ordinances amounted to unlawful spot zoning.

Appellants filed an amended complaint containing eighteen exhibits, including affidavits of individual appellants stating the 2022 Ordinances will have a negative impact on the character, aesthetics, and enjoyment of land; increase traffic on secondary roads and highways; increase existing flooding problems; decrease property values; and increase the burden on infrastructure.

Respondents each filed a motion to dismiss. Both argued the amended complaint failed "to state facts sufficient to constitute a cause of action and should be dismissed pursuant to Rule 12(b)(6), SCRCP." The County further asserted Appellants failed to allege any constitutional infringements "other than a glancing reference to Article III standing under the United States Constitution." Appellants filed a memorandum in opposition to Respondents' motions to dismiss, arguing the amended complaint and exhibits far exceeded the minimum requirements for establishing an actual controversy as to the allegedly invalid zoning ordinance amendment.

The circuit court held a hearing on Respondents' motions to dismiss on April 6, 2023. It determined the 2022 Ordinances "pertaining to the Mercom PD do not deprive [Appellants] of any constitutional right, and the ordinances therefore cannot be invalidated." It stated the amended complaint failed as a matter of law because Appellants failed to allege the zoning decisions deprived them of their constitutional rights. The circuit court also found the Comprehensive Plan was not the law and "failure of County Council to adhere to the Comprehensive Plan

---

[2] S.C. Code Ann. § 6-29-110 to -1640 et seq. (2004 & Supp. 2025).

[could] not serve as a basis to invalidate the [2022 Ordinances] at issue." It stated the Mercom PD was a valid PD and that even if it was not, the statute of limitations barred any challenge to its validity. The circuit court explained the plain language of Ordinance 1703 did not provide for an automatic reversion, but a procedure in which the property may or may not go back to its original classification. In response to Appellants' request for declaratory relief related to Ordinance 1701, the circuit court provided "judicial review may only ask whether there has been, or immediately will be, a deprivation of constitutional rights or whether procedural due process has been violated," which the court did not find present in this case. The circuit court stated the unambiguous language of Georgetown County Zoning Ordinance 619.501 only required the Alliance, as the owner of the parcel impacted by the proposed amendment, to submit the application. Finally, the circuit court found the 2022 Ordinances did not amount to spot zoning.

Appellants filed a motion to reconsider pursuant to Rule 59(e), SCRCP, arguing the circuit court improperly addressed the merits of the issues raised and considered facts beyond those alleged in the amended complaint. The circuit court denied Appellants' motion. This appeal followed.

## STANDARD OF REVIEW

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court." *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009). "That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* "If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper." *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006).

## LAW/ANALYSIS

1. Viewing the factual allegations of the complaint in the light most favorable to Appellants, Appellants alleged a deprivation of constitutional rights and/or claims

sufficient to withstand a motion to dismiss.[3]  Appellants allege that County Council violated provisions of the Planning Act and various County ordinances, that the ordinances were arbitrary, and that the ordinances had a disparate impact on the minority community.  They further alleged they would suffer injuries as a result of the passage of the ordinances including decreased property values, overburdening of the infrastructure that serves their properties, stormwater and traffic issues impacting their properties, and interference with the enjoyment of their properties.  While these may or may not bear out as viable claims under further scrutiny, the issues should not be decided at this stage of the proceedings. *See Spence*, 368 S.C. at 116, 628 S.E.2d at 874 ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action.  In considering such a motion, the trial court must base its ruling solely on allegations set forth in the complaint."); *id*. ("If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper."); *id*. at 116-17, 628 S.E.2d at 874 ("Furthermore, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action."); S.C. Code Ann.
§ 6-29-760(C) ("An owner of adjoining land or his representative has standing to bring an action contesting the ordinance or amendment; however, this subsection does not create any new substantive right in any party."); *Sloan v. Sch. Dist. of Greenville Cnty*., 342 S.C. 515, 525, 537 S.E.2d 299, 304 (Ct. App. 2000) ("When bringing an action under the Declaratory Judgment Act, '[a]ll that is required is that the [plaintiff] demonstrate a justiciable controversy.'" (quoting *Brown v. Wingard*, 285 S.C. 478, 479, 330 S.E.2d 301, 302 (1985) (alteration in original)))*; Harbit v. City of Charleston*, 382 S.C. 383, 395, 675 S.E.2d 776, 782 (Ct. App. 2009) (stating if City's actions rose "to the level of being arbitrary or

---

[3] Whether a constitutional deprivation must be alleged in every challenge to the validity of an ordinance or whether the issues of validity (for failure to comply with an ordinance or act) and constitutionality are separate issues is arguably unclear.  *See Johnston v. City of Myrtle Beach*, 283 S.C. 288, 292-93, 321 S.E.2d 627, 629 (Ct. App. 1984) (treating the issue of validity and constitutionality as separate issues and stating the court "had no quarrel with" a ruling that "once [the circuit court] found [an] ordinance was invalid the issue of constitutionality became moot.").  Regardless, we conclude Appellants sufficiently stated a constitutional deprivation to withstand a 12(b)(6) motion.

capricious" plaintiff would have stated a claim for a violation of his substantive

535, 538 (1999) (indicating that neutral laws drawn with discriminatory intent and having a disparate impact may violate equal protection of the laws); *Sease v. City of Spartanburg*, 242 S.C. 520, 524, 131 S.E.2d 683, 685 (1963) ("Property in a thing consists not merely in its ownership and possession but in the unrestricted right of use, enjoyment and disposal"); 19 S.C. Jur. *Constitutional Law* § 73 ("[P]roperty consists . . . [of] an unrestricted right of use, enjoyment and disposal. Anything which destroys one or more of these elements to that extent, destroys the property itself."); *Brazell v. Windsor*, 384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009) (explaining that when considering a Rule 12(b)(6) motion, a court may consider documents referenced in or attached to the complaint).

Further, the circuit court relied heavily on the principal of judicial deference to legislative decisions in making its ruling. *See Knowles v. City of Aiken*, 305 S.C. 219, 224, 407 S.E.2d 639, 642 (1991) ("We have long recognized the principal that the power to zone is exclusively for the legislature and that zoning decisions will not be interfered with when made in the exercise of the governing body's police power . . . unless there is a plain violation of citizens' constitutional rights."). We recognize this principle of law. However, this deference is not relevant to whether Plaintiffs *alleged* a deprivation of constitutional rights. The circuit court's order is otherwise vague regarding the specific shortcomings of Appellants' amended complaint, and we reverse the circuit court on this issue.

2. The circuit court erred in determining the issue of the 2022 Ordinances' compatibility with the Comprehensive Plan at the 12(b)(6) stage. The circuit court relied almost exclusively on *McClanahan v. Richland County Council*, 350 S.C. 433, 441, 567 S.E.2d 240, 243 (2002), for the proposition that a comprehensive plan is "only a guideline" and County Council is under no obligation to follow it. However, this reliance is misplaced as this statement is taken out of context. In *McClanahan*, the circuit court considered whether the passage of an element of a county's comprehensive plan had denied the plaintiff's property rights. *Id*. at 435-36, 567 S.E.2d at 241. It noted "the [comprehensive p]lan is only a guideline" not law and therefore the claim was not ripe in the absence of law implementing the plan. *Id*. at 441, 567 S.E.2d at 243-44. Here, however, the 2022 Ordinances are law, and while we agree the Planning Commission's recommendation is not *controlling*, the disregard of it raises factual questions regarding arbitrariness that were not answered at this stage of the proceedings. *See MBSC Prop. S., LLC v. City of Myrtle Beach*, No. 4:25-CV-1475-JD, 2025 WL 2484183, at *6 (D.S.C. Aug. 28, 2025) ("At this stage, the [c]ourt concludes that [plaintiff]'s allegations of

inconsistency with the Housing Element of the Comprehensive Plan are sufficient to state a plausible claim. Whether the City's action was 'fairly debatable' cannot be resolved on a Rule 12(b)(6) motion."); *see also Chase Home Fin., LLC v. Risher*, 405 S.C. 202, 213, 746 S.E.2d 471, 477 (Ct. App. 2013) ("It is not improper to cite cases from the federal courts as persuasive authority even on a matter litigated in a state court that does not present a federal question.").

3. Appellants' argument that County Council did not comply with section 6-29-760(A) when it adopted the 2022 Ordinances is unpreserved. Appellants maintain County Council did not seek the Planning Commission's further review and recommendation after changes were made to the proposed amendments as required by statute thereby rendering the passage of the 2022 Ordinances ultra vires and void. Section 6-29-760(A) of the South Carolina Code provides in part that "[n]o change in or departure from the text or maps as recommended by the local planning commission may be made pursuant to the hearing unless the change or departure be first submitted to the planning commission for review and recommendation." This issue was never raised to nor ruled upon by the circuit court and is therefore unpreserved. Appellants argue they made this argument to the circuit court; however, the record shows their assertions that County Council's conduct conflicted with section 6-29-760 was based on County Council's decision *not to follow* the Planning Commission's recommendation, not that County Council failed to *resubmit* the zoning changes to the Planning Commission arguably in noncompliance with subsection (A). Therefore, the argument is not properly preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (per curiam) ("A party may not argue one ground at trial and an alternate ground on appeal.").

4. The circuit court erred by deciding at the 12(b)(6) stage that the issue of whether the original Mercom PD approved in 2008 (Mercom PD (2008)) was void from inception as a single-use PD. The circuit court also erred in determining the statute of limitations barred a challenge to the 2022 Ordinances based on the theory that the Mercom PD (2008) was invalid. The amended complaint alleges the Mercom PD (2008) was single-use and the exhibits regarding that proposal are unclear as to what the proposal included beyond office and office/warehouse. Appellants allege the Mercom PD (2008) had no residential component. Further factual development of the record is needed to determine this issue and how it affects the validity of the 2022 Ordinances which Appellants opposed within the statutory timeframe. *See* S.C. Code Ann. § 6-29-720(C)(4) (indicating zoning ordinances may use a "'planned development district' or a development project comprised of housing of different types and densities and of compatible

commercial uses, or shopping centers, office parks, and mixed-use

782 (2010) (invalidating a zoning ordinance establishing a PD when "[t]he ordinance did not provide for housing of different types and densities and compatible commercial use, and it did not create a new mixed use development as contemplated in the statutes of the Enabling Act"); S.C. Code Ann. § 6-29-760(D) (providing challenges "to the validity of a regulation or map, or amendment to it" must be made within sixty days of the governing body's decision).

5.  The circuit court also erred in determining at the 12(b)(6) stage whether County Council violated Ordinance 1703, which outlines a process for reviewing and possibly reverting PD classifications.  *See* Ordinance 1703 ("If construction is not begun within two (2) years after rezoning to a Planned Development, the Planning Commission shall review the zoning of said property, . . . and . . . shall initiate proceedings to return the zoning of the property to its original classification, or to such classification as the Planning Commission deems consistent with the Comprehensive Plan.").  Appellants allege the construction did not begin within two years after the 2015 PD was passed and nothing in the exhibits demonstrates otherwise.  Therefore, whether County Council violated Ordinance 1703 was a factual issue to be determined.  The circuit court's characterization of Appellants' sought-after relief was erroneous as they did not seek "automatic reversion" of the property, but rather requested that County Council follow the procedure outlined in the Ordinance.

6.  Finally, as to the circuit court's decision that County Council did not violate Ordinance 619.501, we affirm.  Appellants contend the Ordinance required the owners of Parcels 1, 2, and 3 to submit the application for rezoning of Parcel 3. The County maintains Ordinance 619.501 only required submission from the owner of Parcel 3 because it was the owner of the "area proposed."  Because this issue solely involves the interpretation of Ordinance 619.501, the circuit could properly determine it at the dismissal stage, and we see no error in the determination.  *See Gurganious v. City of Beaufort*, 317 S.C. 481, 487, 454 S.E.2d 912, 916 (Ct. App. 1995) (stating the appellate court gives "great deference to the decisions of those charged with interpreting and applying local zoning ordinances"); *Mikell v. County. of Charleston*, 386 S.C. 153, 158, 687 S.E.2d 326, 329 (2009) ("[I]ssues involving the construction of an ordinance are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact."); *Charleston Cnty. Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 68, 459 S.E.2d 841, 843 (1995) ("In construing ordinances, the terms used must be taken in their ordinary and popular meaning."); Ordinance 619.501 ("The

area proposed shall be in one ownership or if in several ownerships, the application for amendment to the Zoning Ordinances shall be filed jointly by all the owners of the properties in the plan.").

Based on all the foregoing, the circuit court's order is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**