## 20721

The STATE, Respondent, v. Vernon E. PARKER, Appellant.

(245 S. E. (2d) 904)

160

*Warren & Pitts,* Allendale, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia and *Solicitor Sylvia W. Westerdahl,* Aiken, *for respondent.*

July 10, 1978.

LITTLEJOHN, Justice:

The appellant, Vernon E. Parker, was convicted of driving a motor vehicle while under the influence of intoxicating liquor, second offense, in violation of § 56-5-2930, *Code of Laws of South Carolina* (1976). He appeals, charging that the trial judge erred (1) in refusing to rule that his arrest was illegal; (2) in admitting in evidence the results of a breathalyzer test; and (3) in failing to instruct the jury that the presumption of intoxication arising from the breathalyzer test was a rebuttable.

Officer Center of the Aiken Police Department received a radio call around 3:30 a. m. that the driver of a certain described automobile was believed to be intoxicated. The officer, who was patrolling in an unmarked vehicle, observed a car fitting the description and began following it. Officer Center testified that he followed the automobile for approximately one mile, and that he observed appellant driving across the middle of a two-lane road. The officer testified that he stopped appellant's automobile, charged him with driving under the influence, and took him to the police station where he agreed to take the breathalyzer test.

Appellant contends that the officer lacked probable cause to arrest him for driving under the influence, and that the officer's testimony indicates that he arrested him solely on

the basis of the tip from an undisclosed source. He argues that since the officer lacked probable cause to make an arrest, he could not lawfully arrest him for a misdemeanor not committed in the officer's presence, without a warrant. *State v. Francis,* 152 S. C. 17, 149 S. E. 348 (1929). Appellant concludes that since his arrest was illegal, the officer's testimony regarding his personal observation and his opinion of appellant's sobriety was improperly admitted in evidence.

We are of the view that appellant's arrest was based upon probable cause to believe that he had committed a misdemeanor. The officer testified that he personally observed the appellant driving across the middle of a two-lane road. This evidence of a violation of § 56-5-1810, 1976 *Code,* which requires that a . . . "vehicle shall be driven upon the right half of the roadway . . ..", alone was sufficient to justify stopping and arresting the appellant. When considered in connection with the tip that appellant was driving an automobile while intoxicated, we have no difficulty in concluding that the arrest of appellant for driving under the influence was based upon probable cause.

Appellant next submits that the lower court erred in admitting in evidence, over objection, the results of a breathalyzer test. The use of such test is provided for under our implied consent statute, § 56-5-2950, 1976 *Code.* Under this statute, "Any person who operates a motor vehicle upon the public highways of this State shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of intoxicating liquor." The South Carolina Law Enforcement Division is authorized to approve methods to be used in administering the tests. It has approved the use of the breathalyzer. The breathalyzer is a machine designed to analyze a sample of breath to determine the alcoholic content of the blood.

Appellant, upon being arrested, agreed to take the test. The breathalyzer registered .17 of one percent.[1] The results of this test were offered in evidence and admitted. Appellant argues that the results of such a test should not have been admitted because a proper foundation was not laid to establish the validity of the test results. He maintains that the State should have been required to offer the testimony of the person who prepared the simulator solution, used in connection with the breathalyzer, to determine whether the simulator solution was properly prepared.

The alcoholic breath simulator is a part of the breathalyzer devised for the purpose of providing a standard alcohol-air mixture. By mixing an amount of absolute alcohol with distilled water, a desired concentration of breath alcohol may be achieved. The breathalyzer operator, by pumping room air through the simulator solution, is able to determine whether the breathalyzer machine is functioning properly. For instance, if the simulator solution contains .10 of one percent alcohol, room air pumped through the simulator will result in a corresponding reading on the breathalyzer machine.

Although the implied consent statute has been in effect several years in this state, the point raised is one of novel impression in this court. We, accordingly, attempt to give to the bench and bar guidance in presentation of the cases hereafter. Appellant does not contend that results of a breathalyzer test, in general, are not admissible in evidence. Rather, he urges that the court establish certain requirements before the results may be received in evidence.

The requirement of laying a foundation for the introduction of the results of chemical tests is universally recognized.

"The party offering the results of any of these chemical tests [for drunkenness] must first lay a foundation by producing expert witnesses who will explain the way in which the test is conducted, identify it as approved under the stat-

---

[1] .10 of one percent or more creates a statutory presumption that one is under the influence.

ute, and vouch for its correct administration in the particular case." Cleary, *McCormick on Evidence* ((2d) ed., 1972), § 209 at p. 513. *See, also,* 29 Am. Jur. (2d), *Evidence* § 830.

The question we are called upon to determine is, ■ "What foundation should be laid for the introduction of the results of the breathalyzer test?" The requirements are not the same in all states. We recommend the reading of *State v. Baker,* 56 Wash. (2d) 846, 355 P. (2d) 806 (1960), and follow with approval the requirements set forth by the Supreme Court of the State of Washington.[2] Prior to admitting such evidence, the State may be required to prove (1) that the machine was in proper working order at the time of the test; (2) that the correct chemicals had been used; (3) that the accused was not allowed to put anything in his mouth for 20 minutes prior to the test,[3] and (4) that the test was administered by a qualified person in the proper manner.[4]

The testimony of the operator that he had run a sim- ■ ulator test immediately before the actual test, and that the breathalyzer machine gave a reading equal to the percent of alcohol in the simulator solution, was sufficient to establish, *prima facie,* that the machine was working properly and that the correct chemicals had been used. If the machine had not been working properly, or if faulty chemicals were used, a reading on the breathalyzer machine would not have been the same as the percent of alcohol in the simulator solution.

The testimony of the operator also established that the accused had been observed for 20 minutes prior to the test during which time he was not allowed to put anything in

---

[2] The fact that the simulator was not used in *Baker* is of no importance.

· [3] Under its authority to approve the methods used in administering the test and to make rules and regulations necessary to carry out the provisions of the Act, the South Carolina Law Enforcement Division has approved an observation time of 20 minutes prior to the giving of the test, to prevent oral intake of any material. Apparently the State of Washington uses a 15 minute waiting period; *See: State v. Baker.*

[4] The statute imposes upon the South Carolina Law Enforcement Division the authority to certify persons trained to administer the test.

his mouth. The fourth requirement was adequately shown by the testimony of the operator that he had been certified by the South Carolina Law Enforcement Division.

We hold that it is sufficient to warrant the introduction of a breathalyzer test into evidence that the State produce *prima facie* evidence that each of the four requirements listed above have been complied with. If there is evidence challenging the *prima facie* showing made, the judge must rule upon the admissibility in the light of the entire evidence.

Appellant's final exception is that the trial judge erred in failing to instruct the jury that the statutory presumption of intoxication arising from a reading of 0.10 percent blood alcohol on the breathalyzer is a rebuttable one. Although the trial judge instructed the jury that the presumption was to be considered "merely as an evidential fact along with the other evidence," it was error for the judge to refuse counsel's request to instruct the jury that the presumption was rebuttable.[5]

Accordingly, appellant's conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.

―――

[5] *Johnson v. Atlantic Coast Line Railroad Co.,* 217 S. C. 190, 60 S. E. (2d) 226; *Strawhorne v. Atlantic Coast Life Ins. Co.,* 238 S. . 40, 119 S. E. (2d) 101; 5 A. L. R. (3d) 3.