721 S.E.2d 451

**The STATE, Appellant,**

v.

**Justin ELWELL, Respondent.**

**No. 4912.**

Court of Appeals of South Carolina.

Heard Sept. 13, 2011.
Decided Nov. 23, 2011.
Rehearing Denied Feb. 16, 2012.

---

Solicitor Douglas A. Barfield, Jr., of Lancaster, for Appellant.

Michael Langford Brown, Jr., of Rock Hill, for Respondent.

THOMAS, J.

The State appeals the dismissal of the charge against Justin Elwell for driving under the influence of alcohol (DUI), second

offense. The State argues the trial court erred in holding the State failed to comply with subsection 56–5–2953(A)(2)(d) of the South Carolina Code (Supp.2007) by turning off a breath test video recorder after Elwell refused to take the test and before the expiration of twenty minutes. We reverse and remand for trial.

## FACTS & PROCEDURAL HISTORY

On January 3, 2009,[1] Elwell was arrested for DUI and subsequently taken to a breath-testing site. While there, the arresting officer informed Elwell that he was being video-taped, gave Elwell his *Miranda*[2] rights, and asked Elwell if he would submit to a breath test. Elwell refused the test, affirming that he understood his driver's license would be suspended as a result. The officer turned off the video recorder after Elwell's refusal and before twenty minutes had elapsed.

Elwell was subsequently indicted for DUI, second offense. During a pretrial hearing, he moved to dismiss the charge because his conduct at the breath-testing site was not video-taped for the entire "twenty-minute pre-test waiting period," which he alleged is mandated in all situations covered by subsection 56–5–2953(A)(2)(d). The State argued dismissal was not appropriate for two reasons. First, the waiting period is not required under that subsection when a person refuses to submit to a breath test. Second, subsection 56–5–2953(B) permits the trial court to excuse the failure to produce the mandated videotape for other "valid reasons," and a person's refusal to take the test constitutes a valid reason.

The trial court granted Elwell's motion to dismiss the charge, holding a suspect must be videotaped for twenty minutes even when the suspect refuses to take a breath test. The court also made a summary assertion that "none of the exceptions [under subsection 56–5–2953(B) ] apply" to the case at hand. This appeal followed.

---

1. An amended videotape statute became effective after Elwell's arrest. *See* S.C.Code Ann. § 56–5–2953 (Supp.2010) (effective February 10, 2009).

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

## ISSUES ON APPEAL

1. Did the State comply with subsection 56–5–2953(A)(2)(d)?

2. If the State did not comply with subsection 56–5–2953(A)(2)(d), was Elwell's refusal to take the breath test a "valid reason" to turn off the video recorder under subsection 56–5–2953(B)?

## STANDARD OF REVIEW

 "In criminal cases, the appellate court sits to review errors of law only." *State v. Winkler*, 388 S.C. 574, 582, 698 S.E.2d 596, 600 (2010) (internal quotation marks omitted).

### I. Subsection 56–5–2953(A)(2)(d)

 The State argues the trial court erred in holding the State failed to comply with subsection 56–5–2953(A)(2)(d) because the statute does not require the videotape to include a twenty-minute waiting period when a suspect refuses to take a breath test.[3] We agree.

Under our principles of statutory construction, the court must "look to the plain language of the statute" to determine its meaning. *State v. Branham*, 392 S.C. 225, 231, 708 S.E.2d 806, 810 (Ct.App.2011). "A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) (citation and internal quotation marks omitted). "Courts will reject a

---

**3.** During oral argument, the State sought to supplement the record with a DVD of the breath test to prove Elwell was videotaped for twenty minutes. Defense counsel objected. This court did not rule on the motion, and the State did not follow-up with a written motion. In any event, both parties agreed during oral argument that the court could access an online version of the video using information properly included in the record. The record included an internet link, username, and password to access the video, and the court has reviewed the online video. However, whether the videotape in fact depicts the entire waiting period is unpreserved. The State did not contest that issue before the trial court, and its oral argument before this court was the first time the issue was raised. *See State v. Carmack*, 388 S.C. 190, 200, 694 S.E.2d 224, 229 (Ct.App.2010) ("[F]or an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.").

statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention." *Id.* at 351, 688 S.E.2d at 575.

"Our appellate courts have strictly construed section 56–5–2953. . . ." *Town of Mount Pleasant v. Roberts,* 393 S.C. 332, 346, 713 S.E.2d 278, 285 (2011). Pursuant to that statute, a person arrested for DUI "must have his conduct at . . . the breath test site videotaped." S.C.Code Ann. § 56–5–2953(A) (Supp.2007). "The videotaping at the breath site . . . must include the person taking or refusing the breath test. . . ." S.C.Code Ann. § 56–5–2953(A)(2)(c) (Supp.2007).

As for the provision in issue, subsection 56–5–2953(A)(2)(d) says the videotape must include a suspect's conduct "during the *required* twenty-minute *pre-test* waiting period." S.C.Code Ann. § 56–5–2953(A)(2)(d) (Supp.2007) (emphases added). The use of these two modifiers, "required" and "pre-test," limits the application of the subsection. First, the use of "pretest" indicates the entire waiting period must precede a breath test. Second, the use of "required" indicates the waiting period must be videotaped only if the waiting period itself is required. Whether the waiting period is required can be traced to two implied consent cases.

In *State v. Parker,* 271 S.C. 159, 245 S.E.2d 904 (1978), our supreme court fashioned a four-part test for laying a breath test foundation:

> Prior to admitting such evidence, the State may be required to prove (1) that the machine was in proper working order at the time of the test; (2) that the correct chemicals had been used; (3) that the accused was not allowed to put anything in his mouth for 20 minutes prior to the test[;] and (4) that the test was administered by a qualified person in the proper manner.

*Id.* at 163, 245 S.E.2d at 906. In *State v. Jansen,* 305 S.C. 320, 408 S.E.2d 235 (1991), the court held the State need not comply with the waiting period requirement in implied consent cases when a suspect refuses to take a breath test. *Id.* at 322, 408 S.E.2d at 237. The court reasoned, "[T]he *Parker* precautions are intended to ensure that the results of the breathalyzer test if given are accurate and reliable as evidence at trial,"

and the precautions are pointless when the test is not given. *Id.*

■ Although *Parker* and *Jansen* involved the implied consent statute, no provisions in subsection 56–5–2953(A)(2)(d) other than the waiting period provision are modified by the term "required." Further, subsection 56–5–2953(A)(2)(d) was promulgated in 1998 and written with the implied consent statute in mind. *See* S.C.Code Ann. § 56–5–2950(a) (Supp. 1997) ("The arresting officer may not administer the [breath, blood, or urine] tests."), *amended by* S.C.Code Ann. § 56–5–2950(a) (Supp.1998) ("The arresting officer may administer the [breath] test[ ] if the person's conduct during the twenty-minute pre-test waiting period is videotaped pursuant to [sub-s]ection 56–5–2953(A)(2)(d)."). Thus, we believe subsection 56–5–2953(A)(2)(d)'s phrase "required twenty-minute pre-test waiting period" is a direct reference to *Parker* and *Jansen.*[4] When the breath test is refused, the twenty-minute waiting period is not required and, therefore, need not be videotaped.[5]

---

4. Our conclusion that the above phrase refers to the parameters established by *Parker* and *Jansen* is also supported by considering the effect of omitting the term "required" from the statute. If the statute did not include "required," it would provide as follows: "The videotaping at the breath site . . . *must also include* the person's conduct during the twenty-minute pre-test waiting period." Under such a version of the statute, the "must also include" language would itself mandate the waiting period be videotaped, and the term "required" would be unnecessary. We will not interpret the statute to include such a redundancy. *See Sweat,* 386 S.C. at 351, 688 S.E.2d at 575 ("A statute should be so construed that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous." (citation and internal question marks omitted)).

5. As a whole, subsection 56–5–2953(A)(2)(d) provides the following:

The videotaping at the breath site . . . must also include the person's conduct during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to videotape this waiting period. However, if the arresting officer administers the breath test, the person's conduct during the twenty-minute pre-test waiting period must be videotaped. The subsection establishes when the waiting period must be videotaped, and it limits when an affidavit may be introduced in lieu of the videotape. If the waiting period's videotaping was required but was physically impossible, an affidavit to that effect may be introduced. However, the affidavit may not be introduced in lieu of a videotape if the arresting officer administered the breath test. The current version of subsection 56–5–2953(A)(2) does not preclude the arresting officer

This reading of the statute is consistent with the legislature's intent. Generally, "[t]he legislature is presumed to intend that its statutes accomplish something." *State v. Long,* 363 S.C. 360, 364, 610 S.E.2d 809, 811 (2005). Here, the primary intention behind section 56-5-2953 was to reduce the number of DUI trials heard as swearing contests by mandating the State videotape important events in the process of collecting DUI evidence.[6] As it relates to the waiting period, the statute ensures the attempt to establish the breath test's reliability need not endure such swearing contests. If a breath test is administered, the waiting period's videotaping provides evidence that helps resolve credibility disputes as to the procedure used in administering the breath test. *Cf. Jansen,* 305 S.C. at 322, 408 S.E.2d at 237 ("[T]he *Parker* precautions are intended to insure that the results of the breathalyzer test if given are accurate and reliable as evidence at trial."). If the breath test is not administered, none of those credibility disputes will arise.

The statute must be interpreted with realistic circumstances and rationales in mind, and this interpretation follows that approach. *See State v. Baker,* 310 S.C. 510, 512, 427 S.E.2d 670, 672 (1993) ("A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers."). Our interpretation does not require a police officer to turn off the video recorder after the person refuses to take the test, nor does it frustrate the statute's general requirement that a person arrested for DUI "have his conduct at . . . the breath test site videotaped." § 56-5-2953(A). In all cases, the videotape must

---

from using the affidavit when the arresting officer administered the breath test. *See* S.C.Code Ann. § 56-5-2953(A)(2)(c) (Supp.2010) ("The video recording at the breath test site must . . . also include the person's conduct during the required twenty-minute pretest waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to video record this waiting period.").

**6.** The introductory sentence of subsection 56-5-2953(A) frames the rest of the subsection's provisions, stating "[a] person [arrested for DUI] must have his conduct at the incident site and the breath test site videotaped." § 56-5-2953(A). The statute protects both the State and the defendant from sometimes unreliable memories of those testifying during trial.

still include the person being informed he is being videotaped, being informed he may refuse the test, and refusing the breath test if he in fact does so.[7] *See* S.C.Code Ann. § 56–5–2953(A)(2)(b)–(c) (Supp.2007). Accordingly, if a person refuses to take the breath test, dismissal of a DUI charge is not warranted for the failure to videotape the person's conduct for twenty minutes so long as the other requirements of subsection 56–5–2953(A)(2) are satisfied. The trial court erred in dismissing Elwell's DUI charge.

## II. Subsection 56–5–2953(B)

As an alternative to its first argument, the State contends Elwell's refusal to consent to the breath test was a "valid reason" to stop videotaping the waiting period under subsection 56–5–2953(B). However, because we reverse on the above issue, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when a decision on a prior issue is dispositive).

## CONCLUSION

For the aforementioned reasons, we reverse the trial court's dismissal of the DUI charge against Elwell and remand for trial.

**REVERSED AND REMANDED.**

FEW, C.J., and KONDUROS, J., concur.

---

**7.** The amended version of subsection 56–5–2953(A)(2) removes the requirement that the videotape include the reading of *Miranda* rights. *Compare* S.C.Code Ann. § 56–5–2953(A)(2) (Supp.2007), *with* S.C.Code Ann. § 56–5–2953(A)(2) (Supp.2010). However, that alteration does not affect our interpretation of the statute's waiting period videotape requirement.