743 S.E.2d 798

The STATE, Petitioner,

v.

Ryan HERCHECK, Respondent.

Appellate Case No. 2011–195567.

No. 27258.

Supreme Court of South Carolina.

Heard April 4, 2013.

Decided May 29, 2013.

---

598

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Petitioner.

Joseph M. McCulloch, Jr., and Kathy Ridenoure Schillaci, of Law Offices of Joseph M. McCulloch, Jr. of Columbia, for Respondent.

Chief Justice TOAL.

This case is one of two[1] heard by the Court that presents the question of whether a pre-breath test videotape recording is required upon an arrest for driving under the influence (DUI) if the arrestee refuses the breath test. At both trials, the trial court dismissed the DUI charges, finding that the arresting officers did not comply with section 56–5–2953(A)(2)(d) of the South Carolina Code by failing to videotape a twenty-minute pre-test waiting period. *See* S.C.Code Ann. § 56–5–2953(A)(2)(d) (2006). The same panel of the court of appeals affirmed Ryan Hercheck's dismissal, but reversed Justin Elwell's dismissal seven months later. The State now appeals the dismissal of Hercheck's case, and Elwell appeals the reversal of the dismissal in his case. With respect to Hercheck's appeal, we reverse the court of appeals.

## FACTS/PROCEDURAL BACKGROUND

Hercheck was arrested on December 10, 2006 for driving under the influence (DUI), 1st offense, after his car collided with another vehicle while driving eastbound on South Carolina Highway 48. According to the traffic collision report, Hercheck attempted to leave the scene of the accident, but was apprehended. The arresting officer requested Hercheck submit to a breath test, and Hercheck refused. Hercheck's conduct, through his refusal of the breath test, was videotaped. However, once Hercheck refused the breath test, the arresting officer shut down the videotape recording and placed Hercheck into custody.

---

1. The other case, *State v. Justin Elwell*, Op. No. 27259, 403 S.C. 606, 743 S.E.2d 802, 2013 WL 2325600 (S.C. Sup.Ct. filed May 29, 2013) (Shearhouse Adv. Sh. No. 24 at 54), was heard immediately following this case.

This case proceeded to trial in magistrate's court on May 15, 2008. During a pre-trial hearing, the magistrate heard arguments concerning Hercheck's motion to dismiss the charges due to the arresting officer's failure to record a twenty-minute, pre-test waiting period, which Hercheck alleged was required under section 56–5–2953. Because the arresting officer only filmed twelve minutes prior to Hercheck's refusal of the test, the magistrate dismissed the case: "The failure of the arresting officer to produce the video required by this section is not grounds for a dismissal if the officer submits the sworn affidavit. You either got the video or got to submit the affidavit. If he didn't submit the affidavit he cut it off twelve minutes and wasn't twenty minutes, I don't have no choice by law to grant [Hercheck's] motion to dismiss and so I do."

The State appealed the magistrate's dismissal to circuit court, and a hearing was convened on January 27, 2009. By order dated June 1, 2009, the circuit court upheld the dismissal of Hercheck's case.

The State appealed the case to the court of appeals. In an unpublished opinion, the court of appeals affirmed the dismissal of the case, stating "the plain language of subsection 56–5–2953(A)(2)(d) mandates a twenty minute video-recording of the arrested individual's conduct during the breath test waiting period, and no exception exists permitting premature termination of the videotaping in the event the arrested individual indicates he or she will not submit to the breath test." *See State v. Hercheck*, Op. No. 2011–UP–161 (S.C. Ct.App. filed April 13, 2011). In addition, the court of appeals declined to find error in the circuit court's refusal to reverse the magistrate court's dismissal of Hercheck's case based on a determination that the "totality of the circumstances" exception provided in 56–5–2953(B) was inapplicable, because such an action by the circuit court was "not an error of law." *Id.*

This Court granted the State's petition for writ of certiorari to review the court of appeals' decision.

## Issues

I. Whether section 56–5–2953(A)(2)(d) requires law enforcement officers to videotape a twenty-minute pre-test waiting period when the arrestee refuses to take a breath test?

II. Whether the court of appeals erred in refusing to reverse the dismissal of this case based on the totality of the circumstances under section 56–5–2953(B) of the South Carolina Code?

### STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Therefore, this Court is bound by the trial court's factual findings unless the appellant can demonstrate that the trial court's conclusions either lack evidentiary support or are controlled by an error of law. *State v. Laney*, 367 S.C. 639, 644, 627 S.E.2d 726, 729 (2006).

### ANALYSIS

#### I. *Videotape Requirement*

The State argues that section 56–5–2953(A)(2)(d) does not require a law enforcement officer to videotape the entire twenty-minute pre-test waiting period once the arrestee refuses a breath test. We agree.

Pursuant to section 56–5–2953(A), any person arrested for DUI "must have his conduct at the incident site and the breath test site videotaped." S.C.Code Ann. § 56–5–2953(A) (2006).[2] To this end, there are certain requirements that must be met at the breath test site (in addition to those required at the incident site and outlined in subsection 56–5–2953(A)(1)), one of which is that the videotape "must also include the person's conduct during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to video-tape this waiting period.... [, h]owever, if the arresting officer administers the breath test, the person's conduct during the twenty-minute pre-test waiting period must be videotaped." *Id.* at § 56–5–2953(A)(2)(d).[3] The breath test videotape must also:

---

2. Because Hercheck was arrested prior to the enactment of the 2008 amendments (effective February 10, 2009) to this section, we decide this case under the 2006 version of the statute.

3. The current provision is codified at 56–5–2953(A)(2)(c), and reads: "The video recording at the breath test site must ... also include the

(1) be completed within three hours of the person's arrest or a probable cause determination, unless compliance is impossible because the person requires emergency medical treatment; (2) "include the reading of Miranda rights, the entire breath test procedure, the person being informed that he is being videotaped, and that he has the right to refuse the test;" and (3) "must include the person taking or refusing the breath test and the actions of the breath test operator while conducting the test." S.C.Code Ann. § 56–5–2953(A)(2)(a)–(c) (2006).[4]

The court of appeals found that "the plain language of subsection 56–5–2953(A)(2)(d) mandates a twenty minute video-recording of the arrested individual's conduct during the breath test waiting period and no exception exists permitting premature termination of the videotaping in the event the arrested individual indicates he or she will not submit to the breath test." *Hercheck*, Op. No. 2011–UP–161.

The State argues the exact opposite that the statutory language is clear and unambiguous, as it refers to a "pre-test" waiting period. On the other hand, Hercheck argues that nothing in the language used in the statute permits the State to prematurely stop videotaping the arrestee's conduct once an arrestee refuses to submit to the breath test. Instead, Hercheck asserts that "[t]he law plainly requires that the breath site video 'must' include 'the person's conduct during the required twenty-minute pre-test waiting period' unless the officer submits a sworn affidavit certifying physical impossibility to do so." *See* S.C.Code Ann. § 56–5–2953(A)(2)(d).

 "The cardinal rule of statutory construction is a court must ascertain and give effect to the intent of the legislature." *State v. Scott,* 351 S.C. 584, 588, 571 S.E.2d 700, 702 (2002) (citing *Charleston Cnty. Sch. Dist. v. State Budget & Control Bd.,* 313 S.C. 1, 437 S.E.2d 6 (1993)). "What a

person's conduct during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to video record this waiting period." *See* S.C.Code Ann. § 56–5–2953(A)(2)(c) (Supp.2012).

4. The current provision deletes the three-hour requirement and the requirement for videotaping the reading of the Miranda rights (which is now included as part of the incident site videotape requirements). *See* S.C.Code Ann. § 56–5–2953(A)(2)(a)–(b) (Supp.2012).

legislature says in the text of a statute is considered the best evidence of the legislative intent or will." *Id.* (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed.1992)). Therefore, "[i]f a statute's language is plain, unambiguous, and conveys a clear meaning 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" *Id.* (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)); *see also State v. Pittman*, 373 S.C. 527, 561, 647 S.E.2d 144, 161 (2007) ("All rules of statutory construction are subservient to the maxim that legislative intent must prevail if it can be reasonably discovered in the language used." (citing *McClanahan v. Richland Cnty. Council*, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002))). However, penal statutes will be strictly construed against the state. *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) (citation omitted).

■ We agree with the State that the inclusion of the word, "pre-test," plainly requires a breath test be administered for the videotape requirement to apply, and if there is no test, the statute does not require a videotape. In other words, if no test is administered, then there can be no "pre-test waiting period." Otherwise, the legislature would not have included the "pre-test" modifier. *See, e.g., Breeden v. TCW, Inc./Tennessee Exp.*, 355 S.C. 112, 120, 584 S.E.2d 379, 383 (2003) (stating "[e]very word, clause, and sentence must be given some meaning, force, and effect, if it can be done by any reasonable construction." (citation omitted)); *Davenport v. City of Rock Hill*, 315 S.C. 114, 117, 432 S.E.2d 451, 453 (1993) ("It is never to be supposed that a single word was inserted in the law of this state without the intention of thereby conveying some meaning." (citation omitted)); *cf. Pittman*, 373 S.C. at 561, 647 S.E.2d at 161 ("Whenever possible, legislative intent should be found in the plain language of the statute itself." (citation omitted)).

The State further argues that it would be contrary to the legislative purpose of the subsection to require a twenty-minute videotape once an arrestee refuses the breath test.

In *Roberts*, this Court stated that "the purpose of section 56–5–2953 ... is to create direct evidence of a DUI arrest." *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d

278, 285 (2011). Once an arrestee refuses the breath test, the evidence gathering portion is over. As a consequence, we agree with the State that once Hercheck refused the test and no breath test was administered, the statute did not require the arresting officer to continue to videotape the twenty-minute pre-test waiting period, and therefore, the videotape produced at trial complied with the statutory requirements. To require otherwise, would result in the officer having to undergo a useless and absurd act. *See Leviner v. S.C. Dep't of Highways and Pub. Transp.,* 313 S.C. 409, 412, 438 S.E.2d 246, 248 (1993) ("[I]t is unreasonable to expect an arresting officer to consider a refusal as conditional so that he must remain near the arrested person for an extended period of time. The arresting officer would be required to forsake other duties to arrange for a belated test that the motorist had already refused after receiving warnings of the consequences of his noncompliance." (footnote omitted)).

Finally, the State argues that precedent supports its reading of the statute. More specifically, relying on *State v. Parker,* 271 S.C. 159, 245 S.E.2d 904 (1978), and *State v. Jansen,* 305 S.C. 320, 408 S.E.2d 235 (1991), the State claims that the twenty-minute pre-test waiting period merely makes up part of the foundational requirements for the State's showing to admit the breath test results and to ensure that the breath test results are accurate and reliable as evidence at trial. For this reason, the State claims that the twenty-minute pre-test waiting videotape is not required unless a breath test is actually administered. To the extent that all of these cases were enacted prior to the enactment of the codification of the statute, Hercheck argues, they do not bear on the court's interpretation of the statutes today.[5]

While we agree with Hercheck's contention that the statutory language must control, we further agree with the State that these cases could be relied on to inform the Court's decision in this case. In the similar case, *State v. Elwell,* the court of appeals relied on these two cases to inform their reading of the term "required" in the subsection, finding that the legisla-

---

5. We note that the subsection was first codified in 1998, and therefore longstanding SLED policy does not bear on our decision today. Instead, the statutory language is controlling, and SLED must change its policies to comply.

ture's inclusion of that term was directly linked to the pre-codification *Parker* and *Jansen* decisions. *See State v. Elwell*, 396 S.C. 330, 334, 721 S.E.2d 451, 453 (Ct.App.2011).

In *Parker*, this Court announced a test for laying a breath test foundation:

> Prior to admitting such evidence, the State may be required to prove (1) that the machine was in proper working order at the time of the test; (2) that the correct chemicals had been used; (3) that the accused was not allowed to put anything in his mouth for 20 minutes prior to the test[;] and (4) that the test was administered by a qualified person in the proper manner.

*Parker* at 163, 245 S.E.2d at 906. In *Jansen*, the Court held that the State was not required to abide by the waiting period requirement in implied consent cases when a suspect refuses to take a breath test, stating "[T]he *Parker* precautions are intended to ensure that the results of the breathalyzer test if given are accurate and reliable as evidence at trial," and therefore, the precautions were futile if no test were administered. *Jansen*, at 322, 408 S.E.2d at 237. Therefore, the *Elwell* court interpreted the subsection to mean that only when the waiting period is required can the videotape recording also be required; if no test is administered, then the waiting period is rendered unnecessary, and so then is the videotape recording of that waiting period. *Elwell*, 396 S.C. at 335, 721 S.E.2d at 453–54. We find that this is a valid construction of the subsection.

## II. Totality of the Circumstances

The State also argues that the court of appeals erred in affirming the circuit court's refusal to reverse the magistrate court's determination that the "totality of the circumstances" exception was inapplicable under section 56-5-2953(B).

We need not reach this question because the statutory interpretation question is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 518 S.E.2d 591 (1999) (finding an appellate court need not address remaining issues on appeal when a decision in a prior issue is dispositive).

CONCLUSION

Based on the foregoing, we reverse the court of appeals' decision in this case and find that a twenty minute pre-test video recording is not required where an arrestee has refused the breath test under section 56–5–2953 of the South Carolina Code.

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.