743 S.E.2d 802

**The STATE, Respondent,**

v.

**Justin ELWELL, Petitioner.**

Appellate Case No. 2012–209726.

No. 27259.

Supreme Court of South Carolina.

Heard April 4, 2013.

Decided May 29, 2013.

Michael Langford Brown, Jr., of Rock Hill, and Heath Preston Taylor of Taylor Law Firm, LLC, of West Columbia, for Petitioner.

Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.

Chief Justice TOAL.

This case is one of two[1] heard by the Court that presents the question of whether a pre-breath test videotape recording

---

[1] The other case *State v. Hercheck*, Op. No. 27258, 403 S.C. 597, 743 S.E.2d 798, 2013 WL 2325589 (S.C. Sup.Ct. filed May 29, 2013)

is required upon an arrest for driving under the influence
(DUI) if the arrestee refuses the breath test. At both trials,
the trial court dismissed the DUI charges, finding that the
arresting officers did not comply with section 56–5–
2953(A)(2)(d) of the South Carolina Code by failing to video-
tape a twenty-minute pre-test waiting period. *See* S.C.Code
Ann. § 56–5–2953(A)(2)(d) (2006). The same panel of the
court of appeals affirmed Ryan Hercheck's dismissal, but
reversed Justin Elwell's dismissal seven months later. Elwell
appeals the reversal of the dismissal in his case, and the State
appeals the dismissal of Hercheck's case. With respect to
Elwell's case, we affirm.

## FACTS/PROCEDURAL BACKGROUND

On January 3, 2009, Elwell was arrested and indicted for
driving under the influence (DUI), 2nd offense, in Chester
County. On that date, Elwell was taken to a breath test site,
where the arresting officer informed Elwell that he was being
videotaped, delivered *Miranda*[2] warnings, and requested El-
well submit to a breath test, but also informed him of his right
to refuse the test. All of these actions were videotaped.
Elwell refused the test, which was also videotaped, but the
arresting officer turned off the video recording equipment
after Elwell refused the test but before twenty minutes had
elapsed.

On December 2, 2009, this case proceeded to trial in the
circuit court. During a pre-trial hearing, the circuit court
dismissed the case, finding the arresting officer did not comply
with section 56–5–2953 of the South Carolina Code by turning
off the videotape recording after Elwell refused the breath
test but prior to the expiration of the twenty minute waiting
period.

The State appealed. Relevant to this appeal, the court of
appeals held that subsection 56–5–2953(A)(2)(d) does not re-
quire the videotape to include a twenty-minute waiting period

(Shearhouse Adv. Sh. No. 24 at 46), was heard by the Court immediate-
ly preceding this case.

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966).

if an arrestee refuses to submit to the breath test. *State v. Elwell,* 396 S.C. 330, 333, 721 S.E.2d 451, 452 (Ct.App.2011).

Elwell now appeals, and this Court granted his petition for writ of certiorari to resolve the discrepancy in outcomes between this case and *State v. Hercheck.*

## ISSUE

Whether section 56–5–2953(A)(2)(d) requires law enforcement officers to videotape a twenty-minute pre-test waiting period when the arrestee refuses to take a breath test?

## STANDARD OF REVIEW

■ In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Therefore, this Court is bound by the trial court's factual findings unless the appellant can demonstrate that the trial court's conclusions either lack evidentiary support or are controlled by an error of law. *State v. Laney,* 367 S.C. 639, 644, 627 S.E.2d 726, 729 (2006).

## ANALYSIS

Pursuant to section 56–5–2953(A), any person arrested for DUI "must have his conduct at the incident site and the breath test site videotaped." S.C.Code Ann. § 56–5–2953(A) (2006).[3] To this end, there are certain requirements that must be met, one of which is that the videotape "must also include the person's conduct during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to video-tape this waiting period .... [, h]owever, if the arresting officer administers the breath test, the person's conduct during the twenty-minute pre-test waiting period must be videotaped." *Id.* at § 56–5–2953(A)(2)(d).[4] The breath test site videotape must

---

**3.** Because Elwell was arrested prior to the enactment of the 2008 amendments (effective February 10, 2009) to this section, we decide this case under the 2006 version of the statute.

**4.** The current provision is codified at 56–5–2953(A)(2)(c), and reads: "The video recording at the breath test site must ... also include the person's conduct during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was

also: (1) be completed within three hours of the person's arrest or a probable cause determination, unless compliance is impossible because the person requires emergency medical treatment; (2) "include the reading of Miranda rights, the entire breath test procedure, the person being informed that he is being videotaped, and that he has the right to refuse the test;" and (3) "must include the person taking or refusing the breath test and the actions of the breath test operator while the conducting the test." S.C.Code Ann. § 56–5–2953(A)(2)(a)–(c) (2006).[5]

The court of appeals based its decision to reverse the trial court on the plain language of subsection 56–5–2953(A)(2)(d), which requires the videotape to include the arrestee's conduct "during the *required* twenty-minute *pre-test* waiting period." *Elwell,* 396 S.C. at 334, 721 S.E.2d at 453 (quoting S.C.Code Ann. § 56–5–2953(A)(2)(d)) (emphasis in original). It is the use of the words "required" and "pre-test" that the court of appeals focused on to "limit the application of the subsection:"

> First, the use of "pretest" indicates the entire waiting period must precede a breath test. Second, the use of "required" indicates the waiting period must be videotaped only if the waiting period itself is required.

*Id.* As to whether the waiting period is "required," the court focused on the analysis contained in the implied consent cases decided prior to the codification of the subsection at issue, *State v. Parker,* 271 S.C. 159, 245 S.E.2d 904 (1978) and *State v. Jansen,* 305 S.C. 320, 408 S.E.2d 235 (1991).[6] *Id.* at 334–35,

---

physically impossible to video record this waiting period." *See* S.C.Code Ann. § 56–5–2953(A)(2)(c) (Supp.2012).

**5.** The current provision deletes the three-hour requirement and the requirement for videotaping the reading of the Miranda rights (which is now included as part of the incident site videotape requirements). *See* S.C.Code Ann. § 56–5–2953(A)(2)(a)–(b) (Supp.2012).

**6.** In *Parker,* this Court announced a test for laying a breath test foundation:

Prior to admitting such evidence, the State may be required to prove (1) that the machine was in proper working order at the time of the test; (2) that the correct chemicals had been used; (3) that the accused was not allowed to put anything in his mouth for 20 minutes prior to the test[;] and (4) that the test was administered by a qualified person in the proper manner.

721 S.E.2d at 453–54. Finding that the General Assembly enacted subsection 56–5–2953(A)(2)(d) in 1998 with the implied consent statute in mind, the court of appeals found that the phrase "required twenty-minute pre-test waiting period" was directly linked to the reasoning of *Parker* and *Jansen*, and consequently, where a "breath test is refused, the twenty-minute waiting period is not required and therefore, need not be videotaped." *Id.* at 335, 721 S.E.2d at 453–54.

The court of appeals further found its reading to be consistent with the legislative purpose behind the requirement, stating "[h]ere, the primary intention behind section 56–5–2953 was to reduce the number of DUI trials heard as swearing contests by mandating the State videotape important events in the process of collecting DUI evidence." *Elwell*, 396 S.C. at 336, 721 S.E.2d at 454 (footnote omitted). Therefore, "the statute ensures the attempt to establish the breath test's reliability need not endure such swearing contests" and when a breath test is given, "the waiting period's videotaping provides evidence that helps resolve credibility disputes as to the procedure used in administering the breath test." *Id.* However, where no breath test is given, the court of appeals found "none of those credibility disputes will arise." *Id.* Finally the court reasoned:

> The statute must be interpreted with realistic circumstances and rationales in mind, and this interpretation follows that approach. *See State v. Baker,* 310 S.C. 510, 512, 427 S.E.2d 670, 672 (1993) ("A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers."). Our interpretation does not require a police officer to turn off the video recorder after the person refuses to take the test, nor does it frustrate the statute's general requirement that a person arrested for DUI "have his conduct at . . . the breath test site videotaped." § 56–5–2953(A). In all cases, the videotape must still include the person being informed

---

*Parker* at 163, 245 S.E.2d at 906. In *Jansen,* the Court held that the State was not required to abide by the waiting period requirement in implied consent cases when a suspect refuses to take a breath test, stating "[T]he *Parker* precautions are intended to ensure that the results of the breathalyzer test if given are accurate and reliable as evidence at trial," and therefore, the precautions were futile if no test was administered. *Jansen,* at 322, 408 S.E.2d at 237.

he is being videotaped, being informed he may refuse the test, and refusing the breath test if he in fact does so. *See* S.C.Code Ann. § 56–5–2953(A)(2)(b)–(c) (Supp.2007). Accordingly, if a person refuses to take the breath test, dismissal of a DUI charge is not warranted for the failure to videotape the person's conduct for twenty minutes so long as the other requirements of subsection 56–5–2953(A)(2) are satisfied.

*Id.* at 336–37, 721 S.E.2d at 454 (footnote omitted).

The State argues that section 56–5–2953(A)(2)(d) does not require a law enforcement officer to videotape the entire twenty-minute pre-test waiting period once the arrestee refuses a breath test. Elwell argues that his case is simple, in that the videotape was produced, it was incomplete and therefore the statute was violated. Moreover, Elwell interprets the statute's repeated reference to "conduct" to mean that the State is required to videotape *all* conduct, not just pre-test conduct, for the full twenty minutes. We disagree.

■ "The cardinal rule of statutory construction is a court must ascertain and give effect to the intent of the legislature." *State v. Scott,* 351 S.C. 584, 588, 571 S.E.2d 700, 702 (2002) (citing *Charleston Cnty. Sch. Dist. v. State Budget & Control Bd.,* 313 S.C. 1, 437 S.E.2d 6 (1993)). "What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." *Id.* (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed.1992)). Therefore, "[i]f a statute's language is plain, unambiguous, and conveys a clear meaning 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.' " *Id.* (quoting *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)); *see also State v. Pittman,* 373 S.C. 527, 561, 647 S.E.2d 144, 161 (2007) ("All rules of statutory construction are subservient to the maxim that legislative intent must prevail if it can be reasonably discovered in the language used." (citing *McClanahan v. Richland Cnty. Council,* 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002))). However, penal statutes will be strictly construed against the state. *Town of Mt. Pleasant v. Roberts,* 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) (citation omitted).

In our opinion, the inclusion of the term "pre-test" plainly requires a breath test be administered for the video requirement to apply, and if there is no test, the statute does not require a videotape. Otherwise, the legislature would not have included the "pre-test" modifier. *See, e.g., Breeden v. TCW, Inc./Tennessee Exp.,* 355 S.C. 112, 120, 584 S.E.2d 379, 383 (2003) (stating "[e]very word, clause, and sentence must be given some meaning, force, and effect, if it can be done by any reasonable construction." (citation omitted)); *Davenport v. City of Rock Hill,* 315 S.C. 114, 117, 432 S.E.2d 451, 453 (1993) ("It is never to be supposed that a single word was inserted in the law of this state without the intention of thereby conveying some meaning." (citation omitted)); *cf. Pittman,* 373 S.C. at 561, 647 S.E.2d at 161 ("Whenever possible, legislative intent should be found in the plain language of the statute itself." (citation omitted)). Moreover, we agree with the *Elwell* court's interpretation concerning the inclusion the term "required" in the statute. The court of appeals correctly and reasonably interpreted the pre-codification *Parker* and *Jansen* decisions to interpret the statute, concluding that only when the waiting period is required can the videotape recording also be required. On the other hand, if no test is administered, then the waiting period is rendered unnecessary, and so then is the videotape recording of that waiting period.

Furthermore, we agree with the court of appeals' analysis concerning the legislative purpose behind the videotape requirements. In *Roberts,* this Court stated that "the purpose of section 56–5–2953 . . . is to create direct evidence of a DUI arrest." *Town of Mt. Pleasant v. Roberts,* 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011). Once an arrestee refuses the breath test, the evidence gathering portion is over. As a consequence, we agree with the State that once Elwell refused the test and no breath test was administered, the statute did not require the arresting officer to continue to videotape the twenty-minute pre-test waiting period, and therefore, the videotape produced at trial complied with the statutory requirements. To require otherwise, would result in the officer having to undergo a useless and absurd act. *See Leviner v. S.C. Dep't of Highways and Pub. Transp.,* 313 S.C. 409, 412,

438 S.E.2d 246, 248 (1993) ("[I]t is unreasonable to expect an arresting officer to consider a refusal as conditional so that he must remain near the arrested person for an extended period of time. The arresting officer would be required to forsake other duties to arrange for a belated test that the motorist had already refused after receiving warnings of the consequences of his noncompliance." (footnote omitted)).

Elwell argues that the remedy for the State's noncompliance is provided in *City of Rock Hill v. Suchenski,* 374 S.C. 12, 646 S.E.2d 879 (2007). *Suchenski* is inapplicable under the present facts. In that case, the respondent was arrested for DUI and was later indicted for DUAC (driving with an unlawful alcohol concentration). *Suchenski,* 374 S.C. at 14, 646 S.E.2d at 879. At the incident site, the arresting officer's video equipment malfunctioned, and the respondent moved to dismiss the charges based on the officer's failure to provide a "complete" videotape from the incident site. *Id.* The municipality argued that the case should not have been dismissed. *Id.* at 16, 646 S.E.2d at 880–81. The Court found that "[u]nder § 56–5–2953, a violation of the statute, with no mention of prejudice, may result in dismissal of the charges." *Id.* at 16, 646 S.E.2d at 881. Therefore, Elwell argues that in the present case, where a complete videotape was not produced, the Court should uphold the dismissal of the charges due to the State's violation of the statute. We agree that the proper remedy in this case for failure to comply with the statutory requirements elucidated in section 56–5–2953 would be dismissal. However, because no statutory violation occurred in this case, we need not rely on *Suchenski* for a remedy here.

## CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision.

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.