**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Patrick Gillis McAllister, Appellant.

Appellate Case No. 2013-002169

―――――――――

Appeal From York County
J. Derham Cole, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-137
Submitted February 1, 2015 – Filed March 11, 2015

―――――――――

**AFFIRMED**

―――――――――

James W. Boyd, of Law Offices of James W. Boyd, of Rock Hill; and Kevin Michael Hope, of Florence, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Shannon Williams, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

―――――――――

**PER CURIAM:** Patrick McAllister appeals his conviction for driving under the influence (DUI), second offense, arguing the trial court erred in denying his motion to dismiss when (1) the arresting officer did not comply with the mandatory video recording provisions of section 56-5-2953(A) of the South Carolina Code (Supp. 2014) and filed an insufficient affidavit of noncompliance under section 56-5-2953(B) of the South Carolina Code (Supp. 2014) and (2) it improperly admitted the arresting officer's affidavit when an incident site video existed. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *State v. Hercheck*, 403 S.C. 597, 601, 743 S.E.2d 798, 800 (2013) ("In criminal cases, the appellate court sits to review errors of law only. Therefore, [an appellate court] is bound by the trial court's factual findings unless the appellant can demonstrate that the trial court's conclusions either lack evidentiary support or are controlled by an error of law." (citation omitted)); § 56-5-2953(A) (providing a person who commits a DUI offense "must have his conduct at the incident site . . . video recorded"); § 56-5-2953(A)(1)(a) ("The video recording at the incident site must: (i) not begin later than the activation of the officer's blue lights; (ii) include any field sobriety tests administered; and (iii) include the arrest of a person for a violation of [s]ection 56-5-2930 [of the South Carolina Code (Supp. 2014)] or [s]ection 56-5-2933 [of the South Carolina Code (Supp. 2014), . . . and show the person being advised of his Miranda rights."); § 56-5-2953(B) ("In circumstances . . . where an arrest has been made and the video recording equipment has not been activated by blue lights, the failure by the arresting officer to produce the video recordings required by this section is not alone a ground for dismissal. However, as soon as video recording is practicable in these circumstances, video recording must begin and conform with the provisions of this section."); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011) (explaining the purpose of the video requirement in section 56-5-2953 of the South Carolina Code (Supp. 2014) "is to create direct evidence of a DUI arrest"); *Murphy v. State*, 392 S.C. 626, 631, 709 S.E.2d 685, 688 (Ct. App. 2011) (interpreting a prior version of section 56-5-2953 that also required an accused to have his conduct at the incident site recorded and explaining the "accused need not remain in full view of the camera at all times in order for the recording to capture [his] conduct"); *State v. Taylor*, Op. No. 5285 (S.C. Ct. App. filed Dec. 23, 2014) (Shearhouse Adv. Sh. No. 51 at 54-55) ("[S]ection 56-5-2953 does not require dismissal of a DUI charge when the video recording of the incident briefly omits the suspect but that omission does not occur during any of those events that either create direct evidence of a DUI or serve important rights of the defendant."); § 56-5-2953(B) ("Failure by the arresting officer to produce the

video recording required by this section is not alone a ground for dismissal . . . if the arresting officer . . . submits a sworn affidavit certifying that it was *physically impossible to produce the video recording because the person needed emergency medical treatment*, or exigent circumstances existed." (emphasis added)).

As to Issue 2: *State v. Elwell*, 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) ("[I]f a statute's language is plain, unambiguous, and conveys a clear meaning[,] the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (internal quotation marks omitted)); § 56-5-2953(B) ("Failure by the arresting officer to produce *the video recording required by this section* is not alone a ground for dismissal . . . if the arresting officer . . . submits a sworn affidavit certifying that it was physically impossible to produce the video recording because the person needed emergency medical treatment . . . ."  (emphasis added)); *id.* ("In circumstances . . . where an arrest has been made and the video recording equipment has not been activated by blue lights, the failure by the arresting officer to produce *the video recordings required by this section* is not alone a ground for dismissal." (emphasis added)).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.