**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Edward W. Miller, Appellant,

v.

South Carolina Public Employee Benefit Authority, South Carolina Retirement Systems, Respondent.

Appellate Case No. 2015-002228

_____

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

_____

Unpublished Opinion No. 2018-UP-074
Heard October 4, 2017 – Filed February 7, 2018

_____

**AFFIRMED**

_____

Howard W. Paschal, Jr., of Price, Paschal & Ashmore, PA, of Greenville; Edward W. Miller, of Grenville, both for Appellant.

Justin Richard Werner, of the South Carolina Public Employee Benefit Authority, of Columbia, for Respondent.

_____

**PER CURIAM:** Edward W. Miller (Appellant), appeals the administrative law court's (ALC's) order granting summary judgment in favor of the South Carolina

Public Employee Benefit Authority and South Carolina Retirement Systems (collectively, Respondents), arguing the ALC erred in failing to find Respondents (1) owe Appellant the fiduciary duty to fully and fairly disclose material facts, (2) violated Appellant's right to equal protection by classifying him differently than another similarly situated beneficiary, and (3) are estopped from asserting a timeliness bar to Appellant's claim. Appellant further contends the ALC denied him due process by conducting a hearing without full and fair notice and by failing to preserve a proper record. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. Although we agree that the ALC erred in failing to find Respondents owe Appellant the fiduciary duty to fully and fairly disclose material facts, we nevertheless affirm in result as there has been no fiduciary violation. *See CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below."); *State v. Elwell*, 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) ("The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature."); S.C. Code Ann. § 9-16-10(4) (Supp. 2017) (defining "fiduciary" as a person who "exercises any authority to invest or manage assets of a system"); S.C. Code Ann. § 9-16-10(10)(a) (Supp. 2017) (defining "trustee" as "the Board of Directors of the South Carolina Public Employee Benefit Authority"); S.C. Code Ann. § 9-16-40 (Supp. 2017) (providing the duties "[a] trustee, commission member, or other fiduciary shall discharge . . . with respect to a retirement system" including but not limited to "care, skill, and caution," "impartially," and "good faith"); *Strother v. Lexington Cty. Recreation Comm'n*, 332 S.C. 54, 62, 504 S.E.2d 117, 122 (1998) ("When faced with an undefined statutory term, the court must interpret the term in accord with its usual and customary meaning."); *Trustee*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining the term "trustee" as "[s]omeone who stands in a fiduciary or confidential relation to another; esp[ecially], one who, having legal title to property, holds it in trust for the benefit of another and owes a fiduciary duty to that beneficiary"); *Anthony v. Padmar, Inc.*, 320 S.C. 436, 449, 465 S.E.2d 745, 752 (Ct. App. 1995) ("Parties in a fiduciary relationship must fully disclose to each other all known information that is significant and material, and when this duty to disclose is triggered, silence may constitute fraud.").

2. Because Appellant indicated he was employed "part-time" on his service verification form and his employer also designated him as a part-time employee, Appellant cannot establish an equal protection violation. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 626, 503 S.E.2d 471, 479 (1998) ("In order to

establish an equal protection violation, a party must show that similarly situated persons received disparate treatment.").

3.  The ALC properly declined to rule that Respondents are estopped from asserting a timeliness bar to Appellant's challenge of the System's December 2002 determination.  *See* S.C. Code Ann. § 9-21-50(A) (Supp. 2017) ("A member or the member's designated beneficiary shall file a claim concerning an administrative decision by the retirement systems arising pursuant to or by virtue of this title that adversely affects the personal interest of the member or the member's designated beneficiary by the filing of a written claim with the director within one year of the decision by the retirement systems."); S.C. Code Ann. § 9-21-20(5) (Supp. 2017) (explaining a member has exhausted his administrative remedies if that member has "(a) filed a timely claim pursuant to Section 9-21-50 containing the information required pursuant to that section; (b) participated in the agency claims procedure established by the board; and (c) obtained a final retirement system decision").

4.  Because the record reflects the parties submitted undisputed and stipulated facts and joint exhibits, agreed the case would be decided as a matter of law based upon these submissions, and agreed no evidentiary hearing was necessary, the ALC neither erred in viewing these submissions as cross-motions for summary judgment nor in granting summary judgment in favor of Respondents.  *See* SCALC Rule 68 (stating the rules of civil procedure may be applied in proceedings before the ALC to resolve questions not addressed by the ALC rules); Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 240, 672 S.E.2d 799, 802 (Ct. App. 2009) ("Summary judgment should be granted when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ.").

5.  Although the ALC's order denying Appellant's motion to alter or amend refers to a teleconference with the parties as a "telephonic hearing" and recites comments allegedly made by Appellant as a partial basis for its ruling, we note the ALC held the teleconference to confirm the parties' agreement to have the case adjudicated as a matter of law based on the stipulated facts and joint exhibits; it neither accepted evidence nor heard arguments from the parties during the call.

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**