**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

State of South Carolina, Appellant,

v.

Herbert E. Pray, III, Respondent.

Appellate Case No. 2019-001400

Appeal From Aiken County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2023-UP-067
Submitted January 31, 2023 – Filed February 22, 2023

**AFFIRMED**

Attorney General Alan M. Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor J. Strom Thurmond, Jr., of Aiken, for Appellant.

Robert Irvin Sussman, of Augusta, Georgia, for Respondent.

**PER CURIAM:** The State appeals an order of the circuit court affirming the magistrate's dismissal of the charge of driving under the influence (DUI) – first offense against Herbert E. Pray, III. On appeal, the State argues the circuit court

erred in finding the officer's reading of *Miranda*[1] warnings to Pray as the officer drove away from the location of Pray's arrest violated the requirements of section 56-5-2953(A)(1)(a) of the South Carolina Code (2018) which states that "[t]he video recording at the incident site must . . . include the arrest of a person . . . and show the person being advised of his *Miranda* rights."

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Taylor*, 436 S.C. 28, 34, 870 S.E.2d 168, 171 (2022), *reh'g denied* (Apr. 5, 2022) ("A question of statutory interpretation is a question of law, which is subject to de novo review and which [appellate courts] are free to decide without deference to the courts below."); *State v. Elwell*, 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) ("The cardinal rule of statutory construction is a court must ascertain and give effect to the intent of the legislature." (quoting *State v. Scott*, 351 S.C. 584, 588, 571 S.E.2d 700, 702 (2002))); *Scott*, 351 S.C. at 588, 571 S.E.2d at 702 ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will."); *Elwell*, 403 S.C. at 612, 743 S.E.2d at 806 ("Therefore, '[i]f a statute's language is plain, unambiguous, and conveys a clear meaning 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" (alteration in original) (quoting *Scott*, 351 S.C. at 588, 571 S.E.2d at 700)); *id.* ("[P]enal statutes will be strictly construed against the [S]tate."); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 346, 713 S.E.2d 278, 285 (2011) ("Our appellate courts have strictly construed section 56-5-2953 and found that a law enforcement agency's failure to comply with these provisions is fatal to the prosecution of a DUI case.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.