# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Gregg Gerald Henkel, Respondent.

Appellate Case No. 2013-001989

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Greenville County
G. Edward Welmaker, Circuit Court Judge

---

Opinion No. 27541
Heard April 22, 2015 – Filed July 1, 2015

---

## REVERSED

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Petitioner.

C. Rauch Wise, of Greenwood, for Respondent.

---

**JUSTICE PLEICONES:** We granted the State's petition for a writ of certiorari to review the Court of Appeals' opinion that found the trial court should have dismissed respondent's DUI charge because the videotape did not comply with the

statutory requirements for videotaping respondent's conduct at the scene of his DUI arrest. *State v. Henkel*, 404 S.C. 626, 746 S.E.2d 347 (Ct. App. 2013); S.C. Code Ann. § 56–5–2953 (2006). We reverse.

## FACTS

A witness observed a vehicle being driven erratically on I-385 and ultimately wrecking. Sergeant Hiott responded to the wreck and organized a search after learning from a witness that the driver had fled the scene. Officers were unable to locate the driver and cleared the scene.

Several hours later, Sergeant Hiott responded to a call indicating an individual had been found walking down I-385. When Sergeant Hiott arrived, he found respondent receiving medical care in an ambulance. Sergeant Hiott read respondent his *Miranda*[1] rights and conducted a horizontal gaze nystagmus (HGN) test while respondent was in the ambulance. Sergeant Hiott initiated his audio recording device by a switch on his belt during the HGN test.[2] After the HGN test, Sergeant Hiott learned respondent was not going to the hospital, so he led respondent from the ambulance to the side of his vehicle and asked him to recite the alphabet. Respondent failed both the HGN and ABC tests.[3] The ABC test and Sergeant Hiott's admonitions while administering the HGN test were captured by audio recording. Neither test was captured by video recording. Sergeant Hiott arrested respondent for DUI, placed respondent in his patrol vehicle, faced the in-car camera towards respondent, and read respondent his *Miranda* rights again.

Respondent sought dismissal of the charge alleging the videotape of his conduct at the scene failed to comply with the statutory videotaping requirements. Subsection 56–5–2953 (A) requires that an individual have his conduct recorded at the incident site, and that the recording must include that individual being advised of

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] This switch also activated patrol car's video recording camera. This forward facing camera only recorded the highway in front of Sergeant Hiott's vehicle. When Sergeant Hiott arrived at the scene, he pulled his patrol vehicle past all of the other emergency vehicles.

[3] No balancing tests were administered because respondent indicated he had an injured leg.

his *Miranda* rights prior to the administration of field sobriety tests.[4]  Subsection (B) provides several exceptions to this videotaping requirement:

> [I]n circumstances including, but not limited to, road blocks, traffic accident investigations, and citizens' arrests, where an arrest has been made and the videotaping equipment has not been activated by blue lights, the failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal.  However, as soon as videotaping is practicable in these circumstances, videotaping must begin and conform with the provisions of this section.

S.C. Code Ann. § 56–5–2953(B) (2006).

The trial court denied respondent's motion to dismiss.  The trial court recognized this incident was not a typical DUI stop because Sergeant Hiott's investigation began hours after respondent's wreck.  Accordingly, the trial court applied subsection (B), and found Sergeant Hiott activated the video and audio recording

---

[4] Subsection (A) states:

> (A) A person who violates Section 56–5–2930, 56–5–2933, or 56–5–2945 must have his conduct at the incident site and the breath test site videotaped.
>
> > (1) The videotaping at the incident site must:
> >
> > > (a) begin not later than the activation of the officer's blue lights and conclude after the arrest of the person for a violation of Section 56–5–2930, 56–5–2933, or a probable cause determination that the person violated Section 56–5–2945; and
> > >
> > > (b) include the person being advised of his *Miranda* rights before any field sobriety tests are administered, if the tests are administered.

We note that § 56–5–2953 was amended effective February 10, 2009.  *See* Act No. 201, 2008 S.C. Acts 1682-85.  While subsection (A) was amended, the language of subsection (B) was essentially unchanged.  Respondent's arrest occurred on January 19, 2008, so the amended statute is not applicable.

as soon as practicable.[5]  The trial court found the videotape complied with the requirements of subsection (A) because it captured audio of the HGN and ABC tests.

The Court of Appeals reversed.  The majority first looked to subsection (B) because the videotaping equipment was not activated by Sergeant Hiott's blue lights and Sergeant Hiott was conducting a traffic accident investigation.  The majority applied the language of subsection (B) which provides two qualifying provisions: "[h]owever, as soon as videotaping is practicable in these circumstances, videotaping must begin and conform with the provisions of this section."  S.C. Code Ann. § 56–5–2953(B).  The majority found the language which requires "videotaping must begin and conform with the provisions of this section," necessitates compliance with subsection (A).  That is, the majority held that once videotaping begins, it must include **all** the requirements of subsection (A).  Subsection (A)(1)(b) requires the videotaping "include the person being advised of his *Miranda* rights before any field sobriety tests are administered."  Here, the first *Miranda* warning was not captured by audio or video.  Accordingly, the majority found dismissal of the charge was required because the videotape did not capture respondent being advised of his *Miranda* rights before the audio recording of the HGN and ABC tests.[6]

Judge Geathers dissented and reasoned that to require strict compliance with subsection (A)(1)(b) would effectively eviscerate the exception in subsection (B).  Judge Geathers observed an officer is required to begin recording as soon as practicable, and the "begin and conform" provision in subsection (B) was intended to require compliance with subsection (A), *from that point forward*.  Judge Geathers stated "the initiation of the videotaping and conformance must each begin as soon as is practicable," and here, it was not practicable to capture video evidence of respondent receiving his initial *Miranda* warnings or performing the HGN and ABC tests.  Accordingly, Judge Geathers would have affirmed respondent's conviction and sentence.

---

[5] The trial court's factual finding that videotaping began as soon as practicable is not challenged on appeal.

[6] This same issue will not arise under the amended version of the statute because while it requires both the field sobriety tests and the *Miranda* rights be recorded, it does not require *Miranda* rights be given **before** the field sobriety tests.

## ISSUE

Did the videotape of respondent's conduct made at the scene of his traffic accident investigation comply with the videotaping requirements of S.C. Code Ann. § 56–5–2953, as it existed in January 2008?

## ANALYSIS

The State contends the Court of Appeals misapplied the exception in subsection (B) because the phrase "as soon as videotaping is practicable" applies to both when the videotaping must "begin" and what it must show in order to "conform" to the requirements of subsection (A).  The State argues the effect of the Court of Appeals' opinion requires, in situations such as this, the arresting officer to perform *Miranda* warnings and field sobriety tests anew, in order to capture them on videotape, if they were first performed prior to the moment where videotaping became practicable.  We find the language of the exception in subsection (B) ambiguous, and construe the exception to require compliance with subsection (A) need only begin at the time videotaping becomes practicable, and continue until the arrest is complete.

"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Bryant v. State*, 384 S.C. 525, 529, 683 S.E.2d 280, 282 (2009).  However, "[a]ll rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010).

If the statute is ambiguous, courts must construe the terms of the statute. *Lester v. S.C. Workers' Comp. Comm'n*, 334 S.C. 557, 561, 514 S.E.2d 751, 752 (1999).  "A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 636 S.E.2d 598, 606-07 (2006).  We have strictly construed § 56–5–2953. *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 346, 713 S.E.2d 278, 285 (2011).

We find the language of the exception in subsection (B) ambiguous and construe the exception to require compliance with subsection (A) when it becomes

35

practicable to begin videotaping. Accordingly, we find Court of Appeals' majority erred, for two reasons, in finding once videotaping begins pursuant to an exception in subsection (B), that full compliance with subsection (A) is necessary. First, the majority opinion violates the legislative intent of the statute. Subsection (A) was intended to capture the interactions and field sobriety testing between the subject and the officer in a typical DUI traffic stop where there are no other witnesses. *Roberts*, 393 S.C. at 347, 713 S.E.2d at 285 (finding the purpose of § 56–5–2953 is to create direct evidence of a DUI arrest). During a traffic stop, the subject, his vehicle, and his interaction with the officer can be videotaped by the car-mounted camera that is initiated by the officer's blue lights. Requiring an officer to repeat *Miranda* and field sobriety tests on camera in a situation contemplated in subsection (B) is not consistent with the legislative intent of the DUI recording statute.

Here, the legislative concerns with videotaping one-on-one traffic stops to capture the interactions between an officer and the subject are not present. *See Sweat,* 386 S.C. at 350, 688 S.E.2d at 575 (holding "language must be construed in light of the intended purpose of the statute."). Numerous officers and emergency personnel observed respondent's conduct at the scene. Officer Hamilton testified he was the first responder that located respondent walking down I-385. Officer Hamilton testified respondent was unsteady on his feet, he was confused, and he was talking with a slurred voice. Officer Terry testified he also responded to the call reporting that respondent was walking down I-385 and he believed respondent was definitely intoxicated. He explained respondent was slurring his speech, his posture was slumped over, and he smelled like alcohol.

Second, the majority opinion fails to consider the statute as a whole. *Mid-State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996) ("In ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole."). In effect, the majority opinion would render the exceptions for road blocks, traffic accident investigations, and citizens' arrests meaningless, if during an encounter it becomes practicable to begin videotaping. The majority requires an arresting officer to repeat *Miranda* warnings and field sobriety tests if it becomes practicable to begin videotaping; especially when, as occurred here, *Miranda* and a portion of a field sobriety test were conducted prior to the moment when videotaping became practicable. We hold the phrase "as soon as videotaping is practicable in these circumstances," applies to both when videotaping must "begin"

and when videotaping must "conform to the provisions of this section."

Accordingly, we hold when an individual's conduct is videotaped during a situation provided for in subsection (B), compliance with subsection (A) must begin at the time videotaping becomes practicable and continue until the arrest is complete. Subsection (A) of the statute as it existed at the time of respondent's arrest only required respondent's conduct be videotaped and *Miranda* warnings be given prior to field sobriety tests. We find the audio recording of respondent's field sobriety tests adequately captured his conduct at the scene of the traffic accident investigation. Additionally, because respondent was given *Miranda* warnings prior to the time videotaping became practicable, we hold the videotape complies with subsection (A) because the videotape need only begin complying with subsection (A) from the time videotaping became practicable. *See* footnote 5, *supra*.

We reverse the Court of Appeals and reinstate respondent's conviction because the videotape satisfied the requirements of § 56–5–2953 once videotaping became practicable.[7]

## CONCLUSION

For the reasons given above, the opinion of the Court of Appeals is

**REVERSED.**

**TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[7] Because we find the videotape complied with § 56–5–2953, we need not address whether the totality of the circumstances exception in subsection (B) applies.

37