**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marty Baggett, Appellant.

Appellate Case No. 2011-204146

---

Appeal From Williamsburg County
George C. James, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-311
Heard October 6, 2014 – Filed June 24, 2015
Withdrawn, Substituted and Refiled October 21, 2015

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

---

**PER CURIAM:** Marty Baggett appeals his conviction for felony driving under the influence (DUI), arguing the trial court erred in failing to direct a verdict of

acquittal in his favor when the State failed to present evidence of video of his conduct at the incident site. We affirm.

We find the trial court did not err in denying Baggett's motion to dismiss the felony DUI charge. *See* S.C. Code Ann. § 56-5-2953(A) (2006)[1] (requiring video recording of the incident site when a person violates section 56-5-2945 of the South Carolina Code (Supp. 2014), the felony DUI statute); S.C. Code Ann. § 56-5-2953(A)(1) (providing this recording at the incident site generally must begin no later than the activation of the officer's blue lights; include advisement of *Miranda*[2] rights before any field sobriety tests administered, if the tests are administered; and conclude after the arrest of a person for a violation of section 56-5-2930 or section 56-5-2933 of the South Carolina Code, or a probable cause determination that the person violated section 56-5-2945 of the South Carolina Code); S.C. Code Ann. § 56-5-2953(B) (2006) ("[I]n circumstances including, but not limited to, road blocks, traffic accident investigations, and citizens' arrests, where an arrest has been made and the videotaping equipment has not been activated by blue lights, the failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal. However, as soon as videotaping is practicable in these circumstances, videotaping must begin and conform with the provisions of this section. Nothing in this section prohibits the court from considering any other valid reason for the failure to produce the videotape based upon the totality of the circumstances; nor do the provisions of this section prohibit the person from offering evidence relating to the arresting law enforcement officer's failure to produce the videotape."); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011) (stating the purpose of section 56-5-2953 is to create direct evidence of a DUI arrest); *State v. Henkel*, 413 S.C. 9, 14, 774 S.E.2d 458, 461 (2015), *reh'g denied* (Aug. 5, 2015) ("Subsection (A) was intended to capture the interactions and field sobriety testing between the subject and the officer in a typical DUI traffic stop where there are no other witnesses."); *Roberts*, 393 S.C. at 348, 713 S.E.2d at 286 ("[T]he Legislature specifically provided for the dismissal of a DUI charge unless the law enforcement agency can justify its failure to produce a videotape of a DUI arrest.").

In this case, videotaping never became practicable. *See Henkel*, 413 S.C. at 15-16, 774 S.E.2d at 462 ("[W]e hold when an individual's conduct is videotaped during a

---

[1] Section 56-5-2953 was amended effective February 10, 2009. *See* Act No. 201, 2008 S.C. Acts 1682-85. The amended statute is not applicable to Baggett's March 8, 2007 arrest.

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

situation provided for in subsection (B), compliance with subsection (A) must begin at the time videotaping becomes practicable and continue until the arrest is complete."). The law enforcement officers were responding to the report of a dead body in the roadway. Therefore, the normal protocol for a traffic stop was not applicable. See *id.* at 14, 774 S.E.2d at 461 ("During a traffic stop, the subject, his vehicle, and his interaction with the officer can be videotaped by the car-mounted camera that is initiated by the officer's blue lights."). At least fifteen people, including Emergency Medical Service personnel, volunteer fire fighters, law enforcement officers, and members of Baggett's family, were present at the incident site. *See id.* at 15, 774 S.E.2d at 462 (finding "the legislative concerns with videotaping one-on-one traffic stops to capture the interactions between an officer and the subject are not present" when "[n]umerous officers and emergency personnel observed [the defendant's] conduct at the scene" and multiple officers described the defendant's symptoms of intoxication). Although Corporal Staggers stated he identified Baggett as the driver of the truck, he testified Baggett told him the victim had been driving and had fallen out of the truck. Corporal Staggers turned the investigation of the case over to Investigator Boston, who arrived on the scene as Corporal Staggers questioned Baggett. Investigator Boston testified Baggett was already in Corporal Staggers's patrol car when he arrived. Thus, Baggett would not have been within camera range of a car-mounted camera. Baggett also told Investigator Boston the victim was driving. Corporal Staggers testified he did not have Baggett perform any field sobriety tests due to safety concerns because Baggett was so unsteady on his feet. Accordingly, the videotaping requirements of section 56-5-2953(A)(1)(b) were not applicable. We find dismissal of the felony DUI charge was not required under the totality of the circumstances.

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**