**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shane A. Mahon, Appellant.

Appellate Case No. 2015-001599

———————————

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-459
Submitted November 1, 2017 – Filed December 13, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————————

**PER CURIAM:** Shane A. Mahon appeals his conviction for driving under the influence. The trial court sentenced Mahon to three years' imprisonment with a $3,500 fine, provided that on the service of one year's imprisonment and the

payment of the fine, Mahon would be on probation for five years. On appeal Mahon argues the trial court erred by (1) refusing to dismiss his indictment because the State failed to produce a video of his conduct at the incident site as required by section 56-5-2953(A) of the South Carolina Code (2018) and (2) refusing to suppress the results of his blood test because the arresting officer failed to first offer him a breath test. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Mahon's motion to dismiss: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Hercheck*, 403 S.C. 597, 601, 743 S.E.2d 798, 800 (2013) ("Therefore, this [c]ourt is bound by the trial court's factual findings unless the appellant can demonstrate that the trial court's conclusions either lack evidentiary support or are controlled by an error of law."); S.C. Code Ann. § 56-5-2953(A) (2018) ("A person who violates [s]ection 56-5-2930, 56-5-2933, or 56-5-2945 must have his conduct at the incident site and the breath test site video recorded."); *State v. Henkel*, 413 S.C. 9, 14, 774 S.E.2d 458, 461 (2015) ("Subsection (A) was intended to capture the interactions and field sobriety testing between the subject and the officer in a typical DUI traffic stop whe[n] there are no other witnesses."); *Teamer v. State*, 416 S.C. 171, 178, 786 S.E.2d 109, 112 (2016) ("As [defendant] . . . was not charged with felony DUI until after he was transported to the hospital, no field sobriety tests were administered or could have been captured on video. The legislative concerns with videotaping one-on-one traffic stops are not implicated under the facts of this case . . . ."); *State v. Manning*, 400 S.C. 257, 264, 734 S.E.2d 314, 317–18 (Ct. App. 2012) ("Failure to comply with the video recording requirement [in section 56-5-2953(A)] is excused: . . . (3) in circumstances including, but not limited to, road blocks, traffic accident investigations, and citizen's arrests . . . ."); *id.* ("Failure to comply with the video recording requirement [in section 56-5-2953(A)] is excused: . . . (4) for any other valid reason for the failure to produce the video recording based upon the totality of the circumstances.")

2. As to whether the trial court erred in denying Mahon's motion to suppress: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) (per curiam) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

must be clear that the argument has been presented on that ground."); *State v. Wiles*, 383 S.C. 151, 156, 679 S.E.2d 172, 175 (2009) ("Generally, a motion in limine is not a final determination; a contemporaneous objection must be made when the evidence is introduced."); *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**